No. 68.—EHOOD DENNY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Under the 18th section of the 14th division of the Penal Code, a defendant is entitled to make his demand for a trial, at the first, second, or any subsequent term of the Court.

[2.] When, upon demand of trial made and entered, the Court passes an order, *that the defendant be tried at the next term or discharged*, the legal inference is that the Court did its duty, and that there was at that term a Jury impannelled and qualified to try the cause. When, under a demand, a defendant is finally discharged, the better practice is, that the order of discharge recite the fact, that at that term a Jury was impannelled and qualified to try the case.

Motion, decided by Judge WRIGHT, in Lumpkin Superior Court, March Term, 1849.

At the March Term, 1847, of Lumpkin Superior Court, an indictment was found against the plaintiff in error, Ehood Denny, for cheating and swindling. At the March Term, 1848, a demand was entered on the minutes for a trial on behalf of the defendant, and an order passed, that "he be tried at the next term, or be discharged." At September Term, 1848, no entry was made on the minutes or the docket. At March Term, 1849, when the case was called, Denny announced himself ready for trial, and the Solicitor General having refused to put him on his trial, the counsel for Denny moved to discharge him, under the order taken at March Term, 1848. The Court overruled the motion, and this decision is alleged to be erroneous.

T. R. R. COBB, representing W. MARTIN, for plaintiff in error.

J. MILNER, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] We are very clear that the defendant in this case was entitled to a discharge. The 18*th section of the* 14*th division* of the Penal Code, is in the following words : "Any person against whom a true bill of indictment is found, for an offence not affecting his or her life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter, which demand shall be placed upon the minutes of the Court; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter—*provided*, that at both terms there were Juries impannelled and qualified to try such prisoner—then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment." *Prince*, 661.

This is another of those safeguards which the Legislature has wisely thrown around the citizen charged with an offence against the laws; the object of which is, to prevent vexatious delays; to limit the unequal power of the State over the prisoner, and to compel, in his behalf, an early trial. Its humanity and its equity

no one will question.   The powers of the Crown in criminal trials, were formerly, in England, absolutely despotic.   The Courts of Justice seemed to be organized rather to execute than to try the accused.   Not so now in England.   We, by divers benignant acts, of which this is one, have effectually guarded against the long delays of the law, and the caprice or the despotism of the State.   This law puts it in the power of the accused to compel a trial, as early as the second term of the Court after the bill is found, in cases not capital; and if not then, at the term after he may choose to demand a trial—subject to one condition only, and that is, that both at the term when the demand is made, and at the term thereafter, there are Juries impannelled and qualified to try him.

In this case the bill was found at March Term, 1847.   At the second term thereafter, the demand for a trial was made and entered on the minutes, and an order passed, that the defendant be tried at the next term, or discharged.   At the term immediately succeeding the demand, nothing appears to have been done in the case, and at March Term, 1849, the State not being ready for a trial, the defendant moved for a discharge, which was refused. Upon what ground it was refused the record does not disclose. Counsel for the State insisted that the refusal was proper : *First*, because the demand was not made either at the first or second term after the bill was found.   Their construction of the law is, that inasmuch as it allows the demand to be made at the first and second terms, it disallows it at any and all terms thereafter.   This is not the true construction.   Criminal Statutes are to be construed liberally in favor of the accused.   There is nothing in the Statute which expressly excludes the right of demand at any term. Nor is the right denied by implication.   The language of the law is not mandatory, but permissive.   It declares, that the defendant *may* demand a trial at the first and second terms.   It is true, that the word *may*, may be construed as leaving the defendant at his option to demand or not; but it is also significant of a right to do at the first or second term, that which before was either questionable or denied.   In favor of the accused, the latter is the reasonable meaning.   Without denying his right to demand a trial at any subsequent term, the Legislature has authorized it, at the first and second term.   The provisions of our Penal Code in relation to this matter, appear to be in lieu of the English practice, rela-

tive to notice by the defendant of his intention to proceed to trial. There, after a traverse, the defendant may give notice to the prosecutor, of his intention to proceed to trial; and if, upon service of the notice, the party prosecuting, being three times called in open Court, does not appear at the session at which he is notified to appear and prosecute, the defendant is entitled to an acquittal. 1 *Chitty's Crim. Law*, 397, 398.

Our Penal Code protects the defendant from vexatious and oppressive delays, whilst, at the same time, the rights of the prosecution are guarded. By entry of the demand upon the minutes of the Court, the State is notified of the defendant's intention to proceed to a trial, or be discharged, at the subsequent term. It cannot be taken by surprise, for in all cases it has six months' notice.

The construction of the counsel is not in accordance with the reason on which, and the policy in which, the Statute is founded. The policy of the Act is to inhibit delays in criminal trials; and this policy is based upon sound reasons, which need not be here enumerated. That construction defeats the policy and disregards the reasons of it. If it is right and proper to allow the accused to force a trial by a demand at the first and second term, it is more manifestly right, and more obviously proper, the longer the cause is in Court. If it be right and proper before injurious delays have occurred, it is of course right and proper afterwards. To vary the form of expression—it is absurd to concede this right when there is less reason for it, and deny it when there is greater.

[2.] *Secondly,* the counsel claim that the refusal of the Court to discharge the defendant in this case, may be sustained upon the ground, that the order directing him to be discharged if not tried at the next term after the demand, does not show that at the term when the demand was made, there was a Jury impannelled and qualified to try the cause. It is true, that by the law, the demand avails nothing, unless at the term when the demand is made, and at the term at which he is ordered to be tried, there is a Jury impannelled and qualified to try the issue. We must presume, that in passing the order, the Court did its duty, and that it would not have been granted unless there was a Jury present qualified to try the case. The legal inference is to that effect. The order is in the nature of a judgment of the Court. We will not impeach it by implication. At the term at which the order directs the

trial, there was no entry in the case.   The presumption is, that it was not called, and was, therefore continued by the Court. The rights of the parties stood over, unimpaired, to the next term.   At that next term, the defendant asks the execution of the previous judgment of the Court, and the State not putting him upon trial, he was legally discharged.   *Then*, also, it was necessary that a Jury be present, qualified to·try him, and the final order of discharge ought to recite that fact—that is, it is the better practice that it should do so ; and no doubt, had the Court granted the discharge, it would have been, in this case, recited in the order.   Suffice it to say, that at the term at which the defendant asked a judgment of discharge, it does not appear to us, from the record, that there was not then present a Jury impannelled and qualified to try the case.

Let the judgment below be reversed.