JAMES PRICE, plaintiff in error, vs. THE STATE, defendant in error.

THE SAME VS. THE SAME.

The 13th section of the 14th Division of the Penal Code, authorizes a demand for trial, to be made at the first, or at the second Term, but not afterwards.

Indictment, from Polk county.   Decided  by  Judge HAM-
MOND, October Term, 1857.

At April Term 1856, Price  was indicted in two cases, for
"keeping open a Tippling  House on the Sabbath day." At
the April Term, 1857, being the third  Term  afterwards, he
made a demand for trial, which was entered on the minutes
of the Court.   At the next Term, the State was not ready for
trial, and the defendant insisted on being discharged.

The Court refused to  discharge  him  on the ground, that
the demand was not made at the Term  of  the Court at which
the indictment was found,  or at  the next  succeeding  Term
thereafter.

To this decision of the  Court,  the defendant filed his bill
of exceptions, and assigned the same as error.

CHISOLM  &  WADDELL,  for plaintiff  in error.

SOL. GEN'L, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The 18th section of the 14th division of the  Penal Code,
is in the following  words :  " Any person against whom  a true
bill of indictment is found, for an offence not affecting his or
her life, may demand a trial at the term when the indictment
is found, or at the  next succeeding  Term,  thereafter, which
demand shall be  placed upon the minutes of the Court; and
if such  person  shall  not  be  tried at  the  Term  when the
demand is made, or at the next succeeding Term thereafter;
*provided,* that at both  Terms there  were juries empannelled
and qualified to try such  prisoner, then  he  or  she  shall be
absolutely discharged and  acquitted  of  the  offence  charged
in the indictment."—*Pr. Dig.* 661.

In the present case, the demand  was  not made until the
third Term.   Was it a demand  authorized  by this section ?

It certainly was not a demand authorized by the *letter* of the section; it may be doubted, whether it was not a demand *forbidden* by the *letter* of the section; *expressio unius exclusio alterius.*

To make this a demand authorized by the section, it is necessary, then, to enlarge the letter of the section by construction. That is a dangerous expedient; therefore, one not to be resorted to, unless there be some pressing reason for it. Is there any pressing reason for enlarging the letter of this section? I can see none. The right to demand a trial at the first Term, and also at the second, and to stand acquitted, if there is no trial at the Term of the demand, or at the Term next after that, is as much as an innocent man can need, and more than a guilty man deserves.

Cases not falling within the letter of this section, may well content themselves with the old rule, which allows the defendant to bring on his trial, by a special notice to the prosecutor.—1 *Chitty Cr. Law* 488.

It is doubtful, whether the section, even when restricted to its letter, does not do more harm than good. It certainly presents a great temptation to defendants in criminal cases of the grade covered by it, to demand a trial, and then get the State's witnesses out of the way. And it is notorious, that many defendants yield to the temptation.

We think then, that there is no sufficient reason to justify enlarging this section, by construction, beyond its letter.

True, this opinion is in conflict with that expressed in *Denny vs. The State,* 6 *Ga.* 491. But that was an opinion with which the Court has been dissatisfied, for some time.— *Jordan vs. The State,* 18 *Ga.* 532.

We think, then, that the Court below, was right in holding, that the demands in these two cases, respectively, were unauthorized; and therefore, right in disregarding them.

Judgments affirmed.