Geiger vs. The State.

---

| 25 | 667 |
| 85 | 716 |

RANDAL C. GEIGER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

In cases on the criminal side of the Court, in which defendants are entitled to a trial on demand, the presiding Judge cannot order a mistrial but for providential cause &c., without the consent of the defendant.

Assault and Battery, from Randolph county. Tried before Judge KIDDOO, May Term, 1858.

It appeared that a jury was empanneled, and qualified to try Geiger at the Term at which the bill of indictment was found, a demand for trial made by him in the usual manner, and no trial had; and no trial was had at the Term next succeeding, though there was a jury empanneled and qualified to try him and a demand for trial, made in the usual manner, again placed upon the minutes. His counsel then moved that he be absolutely discharged and acquitted of the offence charged in the indictment and the motion was refused by the Court upon the ground:

That the defendant had been granted all the trial in the power of the Court to give him, the jury having made a mistrial at both Terms of the Court, and that neither time was the Court bound to grant him any further trial.

The case then proceeded to the jury and again a mistrial made, the said Judge each time dismissing said juries before finding a verdict, and without the consent of defendant or his counsel.

The defendant's counsel excepted to the refusal of the Court to discharge said defendant, and thereupon assign error.

TUCKER & BEALL, for plaintiff in error.

*(Solicitor General)* HARRALL, for defendant in error.

*By the Court*—McDONALD, J. delivering the opinion.

At each Term of the Court at which the plaintiff in error demanded a trial, he was put on his trial, but the Court each time dismissed the jury, before the finding of a verdict, and ordered a mistrial. The record does not disclose any cause for ordering a mistrial at either Term of the Court. This Court has held that the Court may, ordinarily, at its discretion, direct a mistrial. A case in which the defendant has a statutory right to a trial, however, forms an exception. In that case the consent of the defendant must be had, or the mistrial must be the effect of inevitable accident; such as the death

or sickness of the Judge or one or more of the jury, &c., &c.

The provision of the statute was intended to secure to defendants a speedy trial, and confers on them a right which the Court can neither control nor withhold.

Judgment reversed.