## SILVEY v. THE STATE OF GEORGIA.

Where at the April term, 1888, of the superior court, a demand was made for trial under an indictment found at the October term, 1887, and at the October term, 1888, a trial and conviction occurred and a new trial was granted, and nothing more was done until the April term, 1889, a motion for discharge then made on the ground that the defendant should have had but had not a legal trial at the October term, was properly overruled, it not appearing that he demanded at that term to be again tried. But if he was not tried at the April term, 1889, it seems that he would then be entitled to discharge under his demand.

December 2, 1889.

Criminal law. Trials. Practice. Before Judge WELLBORN. Union superior court. April term, 1889.

Reported in the decision.

R. P. Lester and W. T. Day, for plaintiff in error.

Howard Thompson, solicitor-general, by W. F. Findley, for the State.

Blandford, Justice.

It appears that at the October term, 1887, of the superior court of Union county, the grand jury returned as true a bill of indictment against A. T. Silvey, charging him with a misdemeanor. At the April term, 1888, of said court, the accused made a demand for trial in accordance with section 4648 of the code. At the October term, 1888, he was put upon his trial, and was found guilty as charged in the bill of indictment. During said term he moved for a new trial, and a new trial was granted. Nothing more was done until the April term, 1889, of said court, when he moved the court to be discharged upon the ground that he was not tried at the October term, 1888. The court overruled this motion, and he excepted, and insists that he should have had a legal trial at the October term, 1888, and not having had such trial, that he is thereby entitled to be discharged and acquitted of all offences charged in said bill of indictment against him.

We do not think that there is any error on the part of the court in refusing to grant the order asked for by the plaintiff in error, for by the terms of the section of the code above referred to (§4648), it is provided that "Any person against whom a true bill of indictment is found, for an offence not affecting his or her life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter, or at any subsequent term by special permission of the court . . ; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, . . then he or she shall be absolutely discharged and acquitted of the offence charged in the indictment." It appears from the record that the accused was tried

at the succeeding term after the demand was made, and he not being satisfied with the verdict, moved for a new trial at the same term, which was awarded him. So it appears that the State is within the letter of the statute, it not appearing that he made a demand at that term to be again tried. We do not think that he lost, by reason of such trial, the benefits which he was entitled to under the demand which he made, and that his case stood for trial at the next term of the court, at the pleasure of the State; and the record does not show whether or not at the April term, 1889, of said court, he was placed on trial or not. He certainly was not entitled to his discharge under the section of the code referred to. It may be that if he was not tried at the last term of the court mentioned, he was entitled to his discharge under his demand. This court is inclined so to think.                    *Judgment affirmed.*