## BROWN *v.* THE STATE.

1. A judgment of the superior court denying a motion for an order discharging the accused because he was not tried pursuant to his demand for trial made and entered at a previous term of the court, is, until reversed or set aside, conclusive both upon the motion itself and the insufficiency of the cause or grounds thereof.
2. The benefit of a demand for trial is not lost by reason of the entry of a *nolle prosequi* without the prisoner's consent, nor would it be lost by a mistrial on a new indictment for the same offence, followed by a rightful refusal to discharge the accused after the mistrial was declared. The demand would stand over to be complied with at the next term.
3. Though failure to comply with a demand for trial entitles the demandant to be discharged and acquitted of the offence charged in the indictment pending when the demand was made and entered on the minutes, it does not entitle him to be discharged and acquitted of any other offence. An offence "nominally the same but substantially different," charged in an indictment found after the demand was made and entered, is not covered by the demand.

July 12, 1890.

Judgment. Practice. Criminal law. Trial. Indictment. Before Judge LUMPKIN. Hancock superior court. October term, 1889.

On October 19, 1889, during the October term of Hancock superior court, Brown made his motion to be discharged and acquitted of the offence of embezzlement, for which he had been indicted. This motion set forth the following: He was indicted for embezzlement at the October term, 1888, and at that term made a written demand for trial, which, while there were juries empanelled and qualified to try him, was duly put upon the minutes. At the April term, 1889, the court, over

his objection, *nol prosed* the indictment and ordered another preferred for the same offence, defendant's demand being then on the minutes and not being withdrawn or waived. Another indictment was then returned charging him nominally with the same but really with a different offence, the first indictment charging him with a felony under section 4421 of the code, and the last charging a misdemeanor under section 4435. At the April term there were present and empanelled, from the first to the last day, jurors qualified to try defendant under the indictment. He was not put on trial at the October term, 1888, nor until Friday the next to the last day of the April term, 1889, when the first indictment was *nol prosed* and the last found and returned. When he was put on trial, the jury failing to agree up to the adjournment of the court, it was discharged under a written agreement, a copy of which is attached to the petition. He then moved the court to discharge him under the circumstances above mentioned, and the discharge was refused, though the jurors had then been discharged and the court was about to adjourn, and the alleged indictments, and the issue formed by his plea of not guilty on the indictment last found, had not been tried and disposed of otherwise than as above stated. The motion was refused, and he filed his bill of exceptions to this ruling, which was duly approved by the court and a writ of error issued, but in order that he might not waive any of his rights under the law and under his demand for trial, he made no affidavit and executed no bond to supersede the judgment refusing this first motion for discharge. And now at the last day of the October term, 1889, after all the jurors have been discharged, and when the criminal docket has been disposed of, except the last named indictment against him, and when every opportunity for compliance with his demand for trial has passed, and no trial

has been accorded him nor any final trial of the case been had for and during three terms, he prays that he be discharged. The judge below certified that the recitals of facts in this petition were true, with the following additions : The bill of exceptions referred to is pending in the Supreme Court, and until this motion was presented no information was given to the court, or to the solicitor-general, of the failure to supersede, or that movant had or has in any manner abandoned the case in the Supreme Court. During the October term, 1889, of the superior court, neither defendant nor his counsel, in any way whatever, until the present motion for discharge, called attention to the case or asked or requested any trial or hearing of it.

Attached as exhibits to the motion were copies of the two indictments, and of the agreement under which the mistrial was declared. The latter recited that the jury having had the case under consideration twenty-two hours and having failed to agree, and defendant having on the minutes a demand for trial, this being the second term of the demand and it being two o'clock P. M. of Saturday, and the ensuing Monday morning being the time fixed by law for the regular term of Oglethorpe superior court in the same circuit, and defendant's counsel desiring in the event of a mistrial to move for an acquittal and discharge under the demand, and not desiring to detain the court and jury until twelve o'clock Saturday night, when the adjournment of court must take place, it was therefore agreed by counsel for the State and defendant, that the motion for a discharge should be determined as if the jury had remained in their room until twelve o'clock Saturday night without making a verdict, and were then discharged by the court, and that the jury might be discharged at once and a mistrial declared as if the hour of twelve o'clock had arrived, and for that reason a mistrial had been declared.

The motion was overruled, and Brown excepted.

T. M. HUNT and J. A. HARLEY, for plaintiff in error.

W. M. HOWARD, solicitor-general, by HARRISON & PEEPLES, *contra.*

BLECKLEY, Chief Justice.

1. That the accused is not entitled to a discharge upon his motion therefor made at the time when the mistrial was declared, or for any cause embraced in that motion, stands adjudged and determined by the judgment of the superior court rendered at that term denying the motion. This judgment has never been reversed, and whether erroneous or not, is conclusive upon the question decided. Consequently, there is no occasion now to construe and reconcile the cases of *Geiger* v. *The State,* 25 *Ga.* 667, and *Little* v. *The State,* 54 *Ga.* 24. We, however, do not see why, as a reason for declaring a mistrial, a persistent disagreement of the jury up to the moment when the term of the court would expire by operation of law, would not be equivalent to inevitable accident or providential cause, within the meaning of the former case.

2. But the benefit of the original demand for trial would not be wholly lost by reason of the mistrial, followed by a rightful refusal to discharge the accused at the term when the mistrial occurred. The demand would stand over and be operative to secure a trial at the next term. This would probably be so, even had the trial resulted in a verdict of guilty, and a new trial been granted on the prisoner's motion. An intimation to this effect was made in *Silvey* v. *The State,* 84 *Ga.* 44. Nor would entering a *nolle prosequi* on the indictment, without the prisoner's consent, deprive him of the right to be either tried or discharged. *Durham* v. *The State,* 9 *Ga.* 306. His right was to be tried, either on that indictment or some other charging the same offence, or to

be acquitted of *that* offence.   A trial on a new indictment for the *same* offence would satisfy the demand. *Jackson* v. *The State,* 76 *Ga.* 551(2).

3. But his discharge and acquittal under the demand could only be operative as to the offence charged in the indictment which was *nol prosed,* the indictment pending when the demand for trial was made.   Code, §4648. Here, as stated in the written application for discharge, the indictment now pending, the one found after the *nolle prosequi* was entered, charges the prisoner " with nominally the same, but really charging him with a different offence, the said first indictment charging him with a felony under section 4421 of the code, and said last indictment charging him with a misdemeanor under section 4435 of the code."   This statement, instead of affirming the identity of the offence charged in the second indictment with that charged in the first, puts a direct negative upon that proposition.   But for this negative, we might infer from reading the two indictments that they both cover one and the same criminal transaction, and therefore that they charge substantially one and the same offence.   *Holt* v. *The State,* 38 *Ga.* 187.   The accused, however, informed the court below, and by the record so informs this court, that the two offences, though nominally the same, are substantially different.   Being substantially different, though the accused was entitled to be discharged and acquitted of the offence charged in the former indictment, he had no right to the discharge and acquittal applied for. As we understand his application, it sought a discharge from the pending indictment and the offence to which it relates, not from the indictment which had been *nol prosed* and the offence charged in it; that is, if he is to be taken at his word as to the two offences being substantially different.   We discover no error in denying the discharge as to the indictment now pending and the offence to which it relates.     *Judgment affirmed.*