## HUNLEY v. THE STATE (three cases).

To entitle a person charged with a misdemeanor to an absolute discharge on failure to try such person for such offense after a demand for trial has been made, it is essential that the demand be made in the court where the case is pending. If, after an indictment by a grand jury for such offense has been returned to a superior court, and the case so originating has, by order of the superior court, been legally transferred to a city court having jurisdiction to try the defendant for the offense charged, a demand for trial is made in the superior court, such demand is unavailing, and will not entitle the defendant to be discharged in the city court because of the failure of the superior court to try said case in accordance with the terms of the demand.

Submitted October 3, — Decided October 13, 1898.

Indictment for larceny from the house.　Before Judge Willis.　City court of Columbus.　July term, 1898.

*Blandford & Grimes,* for plaintiff in error.

LITTLE, J.　The grand jury of Muscogee county returned as true three bills of indictment against Anna Hunley, charging her in each bill with the offense of larceny from the house.　Two of these bills were found at the regular November term, 1897, and the other at the February adjourned term, 1898, and were pending in the superior court of Muscogee county at the May term, 1898.　It appears from the record, that on the 3d day of June, 1898, during said May term, the superior court, Judge Butt presiding, passed orders apparently regular, transferring each of said cases to the city court of Columbus for trial, and by his order, entered in each of the cases, directed the sheriff to notify all witnesses and the attorneys for the defendant that said cases had been transferred and were pending in the city court of Columbus.　During said May term and on the 7th day of June of said term, the defendant presented her demand for trial in each of said cases to the superior court.　These demands were in legal and proper form, and by special permission of the court were allowed and placed upon the minutes of the superior court. Neither of the cases was tried in the superior court at the May term; and the first term of the city court of Columbus, after the demands made in the superior court, was the July term, 1898. At the July term, 1898, of the city court, neither of the cases was tried, and the plaintiff in error, by her counsel, moved the court to discharge the defendant and to pass an order for such discharge, as an absolute acquittal of the offenses with which she stood charged in the said bills of indictment.　The judge of the city court of Columbus refused the orders asked for, and the cases were continued.　To this ruling refusing said orders the plaintiff in error excepted, and assigns error on such refusal in each of the cases.　The three cases involve the same point of law, and by direction were argued together here, and are each herein adjudicated.

Counsel for plaintiff in error contends, that, in refusing to discharge the prisoner under the demands for trial, the court

committed error, and cites us to the Penal Code, § 958, and to the rulings made in the following adjudicated cases: *Brown* v. *State,* 85 *Ga.* 713; *Silvey* v. *State,* 84 *Ga.* 44; *Durham* v. *State,* 9 *Ga.* 306; *Adams* v. *State,* 65 *Ga.* 516; *Kerese* v. *State,* 10 *Ga.* 95; *Denny* v. *State,* 6 *Ga.* 491. We recognize as sound the principle of law contended for by counsel, and the binding force of these authorities, and are not disposed in any way to detract from the effect of the provision enacted and the principle ruled. As was said by this court in the case of *Kerese,* supra, this statute is not open to construction; and if the demand is made as provided, there is but one single condition precedent to trial or discharge, and that is, that a jury at the term when it is made, and also at the term when the discharge is made, be impaneled and qualified to try the prisoner. The court *must* try, or the prisoner *must* be discharged. The contention of counsel, as a principle of law, is fully supported by the authorities which he cites. The difficulty in the cases at bar does not arise from the correctness of the legal proposition, but it is whether, under the concealed facts, the plaintiff in error was entitled to a discharge, as having properly made demands for trial. The provision of the code, supra, is, that a person against whom a true bill of indictment is found for an offense not affecting his life, may demand a trial at the term when the indictment is found, or at the next succeeding term thereafter, or at any subsequent term by special permission of the court. The demands were not made at the term when the bills of indictment were found and when the cases were unquestionably pending in the superior court. By section 778 of the Penal Code it is provided: "The judge of the superior court may send down from the superior court of that county all presentments and bills of indictment for misdemeanors, to the city court for trial, the order transmitting to be entered on the minutes of both courts." The city court of Columbus has jurisdiction to try criminal cases below the grade of a felony when jurisdiction is not specifically vested in the superior court. The bills of indictment charge the plaintiff with offenses which are misdemeanors under the statute and which come within the jurisdiction of the city court. The effect of the orders trans-

ferring the cases, passed on June 3d, was to send down these cases to the city court for trial, and, to all intents and purposes, they were so sent down when the orders were granted. It matters not whether on that day the papers had actually been transferred from the superior to the city court. For all jurisdictional purposes, after the passing of these orders and while they were in force, the cases were not pending in the superior court of Muscogee county, but were pending in the city court of Columbus; and had the latter court convened on the 4th day of June, 1898, it would have been perfectly competent, under those orders, for that court to entertain jurisdiction of the cases. If it be said that the orders were in fieri during the further session of the May term of the superior court, the reply is, that assuming that the superior court could have revoked the orders of transfer, it did not do so; and whether it could or not, not having revoked them, they were in full force and effect from their date. In effect the orders transferring the cases were judgments of the court; and while it is true as a proposition of law that, until adjournment, a judgment rendered at that term may be modified or stricken, it is equally true that, until modified or stricken, it has full force and effect from the date of its rendition.

It appears that on the 7th day of June, plaintiff in error submitted to the judge of the superior court her demands for trial in the cases which had theretofore been transferred, and it is equally true that the superior court granted the orders and had them placed upon the minutes of the superior court. To give effect to both sections of the Penal Code to which we have adverted, that is, that cases charging misdemeanors may be transferred from the superior court to the city court, and the provision securing to a defendant the right of a demand for trial, it must be held that the terms of the court to which the case has been transferred are to be regarded as the terms of the court covered by the statute, and that a demand for trial, in order to be effective, must be made to the court in which the case is pending at the time of the demand. On the 7th of June, when the demands for trial were made in the superior court, the cases were pending for trial in the city court of Columbus, and to render the

demands available so as to operate as acquittals, under the provision of the statute, they would have had to be made in the city court. The order of the judge of the superior court granting special permission for the demands to be filed and entered on the minutes of his court was nugatory and accomplished nothing so long as the orders transferring the cases remained in force. Inasmuch, therefore, as when the demands for trial were made and allowed in the superior court, the cases were not pending in that court, but had, before that day, been legally transferred to the city court, the effect of the demands was not to entitle the plaintiff in error to a discharge in the cases because she was not tried in the superior court under the demands made. The judgment in each of the three cases is

*Affirmed. All the Justices concurring.*