### 1690.  NIX *v.* THE STATE.

1. When a demand for trial is entered in a criminal case either as a matter of right or by special permission, the State is bound to try the accused at the term when the demand is entered or at the next succeeding term. Trial or discharge are the only two alternatives.
2. The term succeeding that at which the demand is granted by the court is the next regular term as fixed by law; and though that term may be adjourned over until some time other than that fixed for the regular term, still a defendant's right to discharge can not be defeated by adjourning one regular term into another regular term.

Conviction of assault, from city court of Albany—Judge Crosland. December 17, 1908.

Submitted March 9,—Decided March 16, 1909.

*R. J. Bacon,* for plaintiff in error.

*J. D. Pope, solicitor,* contra.

RUSSELL, J. The defendant was indicted at the October term, 1908, of the superior court of Dougherty county, and duly entered a demand for trial at that term, in conformity to the defendant's right under the provisions of §958 of the Penal Code. During that term he was twice tried. Each trial resulted in a mistrial, and during the same term the case was transferred to the city court of Albany. Of course the demand accompanied the indictment. The November term, 1908, of the city court of Albany was the next succeeding term, and, under the ruling in *Dublin* v. *State,* 126 *Ga.* 580 (55 S. E. 487), it was necessary that the defendant should either be tried or discharged and acquitted during that term, unless the defendant waived his demand, by affirmative con-

sent to the passing of the case to a subsequent term. *Walker* v. *State,* 89 *Ga.* 482 (15 S. E. 553). Instead of waiving his demand, it is certified in the bill of exceptions that the defendant affirmatively insisted on a trial at the November term, after he had been tried at that term and a mistrial had again resulted. No reason appears why the defendant was not again tried in the city court of Albany at the November term, after the first trial had resulted in a mistrial. The insistence is maintained in the brief of the learned counsel for defendant in error that the entire panel of twenty-four jurors, twelve of whom had heard the case and were therefore disqualified, and perhaps the remaining twelve who had remained in the court-house and heard the testimony, were disqualified. We see no force in this proposition, because it was in the power of the trial judge to summon jurors to fill the panel and take the place of any or all of the regular jury who might be disqualified. It could not be known how many of the jurors who had not tried the case would have been disqualified until the court inquired into that question. But even if all of them, as is likely, were disqualified, the court still had the power to fill the panel and to try the defendant at the time at which, under his demand, he was entitled to be tried. Even if, as intimated by Judge Bleckley in *Brown* v. *State,* 85 *Ga.* 716 (11 S. E. 831), in reference to the conflict between the cases of *Geiger* v. *State,* 25 *Ga.* 667, and *Litlle* v. *State,* 54 *Ga.* 24, "a persistent disagreement of the jury up to the time when the term of the court would expire by operation of law" would be "equivalent to inevitable accident or providential cause," still the record does not show that this was the case in the present instance. So far as the record discloses, there was no obstacle in the way of trying the defendant again at the November term, except the difficulty and expense of obtaining another jury. What is said by Judge Bleckley on the subject of providential cause and inevitable accident is, however, mere obiter, because he declined to reconcile the *Geiger* and *Little* cases, supra, and placed his decision on another point.

We unhesitatingly hold that §958 of the Penal Code confers a right upon the defendant, in aid of the constitutional guarantee of speedy trial, which does not admit of an implied exception. This view is sustained by the decision in the *Geiger* case and the decision in that case must control all subsequent decisions until

it is expressly overruled. In the *Geiger* case the defendant had entered his demand at the first term, as Nix did in the present case; and the trial judge refused to discharge him at the next succeeding term, upon the ground that he had been granted all the trial in the power of the court to give him, the jury having made a mistrial at both terms of the court, and that at neither time was the court bound to grant him any further trial. Each time the judge dismissed the juries before finding a verdict. The Supreme Court reversed the judgment of the judge of the lower court, upon the express ground that "the record does not disclose any cause for ordering a mistrial at either term of the court. This court has held that the court may, ordinarily, at its discretion, direct a mistrial. A case in which the defendant has a statutory right to a trial, however, forms an exception. . . The provision of the statute was intended to secure to defendants a speedy trial, and confers on them a right which the court can neither control nor withhold." If inevitable accident or providential cause were made an exception to the statute, it would be by unwarranted judicial construction; and so far no step has been taken in that direction other than in mere intimation by obiter. Section 958 of the Penal Code provides, that "Any person against whom a true bill of indictment is found, for an offense not affecting his life, may demand a trial at the term when the indictment is found; or at the next succeeding term thereafter, or at any subsequent term, by special permission of the court, which demand shall be placed upon the minutes of the court; and if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter, and at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." The defendant's right is subject to but one qualification, that is, that the demand will not be effectual if, at either term, there are not present juries impaneled and qualified to try his case. Those cases where the defendant lost his demand by consent do not affect the general principle, nor apply to a case in which consent is not given, because the right to a speedy trial, like every other right, including that of trial itself, may be waived by a defendant.

2. It is insisted, however, that under the peculiar phraseology of the act of 1907 (Acts of 1907, p. 129), amending the act cre-

ating the city court of Albany, the court was not required to try the defendant during the regular November term, and had the right to try him during the December term, because the court adjourned the November term over and into the next term. Upon this subject the act of 1907 declares, "Any term of the court may be adjourned from day to day, or from time to time, in a similar manner as the superior courts of this State are adjourned, or may be adjourned so as to carry a term over and into the next term." This court is without jurisdiction to say whether any portion of this provision is unconstitutional, so far as it affects the rights of a citizen who is entitled to a demand, or whether it is unconstitutional by reason of the fact that, so far as demands for trials in criminal cases are concerned, this special law varies the operation of the general law as contained in §958 of the Penal Code. It is unnecessary, however, for the purpose of the point involved, to consider the constitutionality of the act; because it is not to be assumed that the legislature intended to pass a special law which would conflict with a general law, and thereby violate the constitution. That construction must be given to the amendatory act of 1907 which will sustain its constitutionality, and it is plain that when the legislature declared that any term of the city court of Albany may be adjourned so as to carry a term over and into the next term, the purpose was to provide for a contingency, which might arise, of there not being a term of the court held at the regular time, and, in such a case, the term, as a whole, might be transplanted into the next succeeding term. It is evident that the provision with which we are now dealing has reference solely to the term of court as a whole, where no effort has been made to try any of the cases pending on the docket, because it follows provisions which clearly indicate that if a portion of the term is held, the adjournment shall be had in the same manner as adjournments of the superior court. The language which precedes the provision with reference to carrying the term over is, "Any term of the court may be adjourned from day to day, or from time to time, in a similar manner as the superior courts of this State are adjourned." This follows a provision for holding special terms for criminal cases, and this language putting into operation the rules of the superior court on the subject of adjournment is itself succeeded by the significant words, that the court "may be ad-

journed so as to carry a term over." If a portion of the term or the unfinished business had been intended, the legislature doubtless would have said so, because the act makes provision for holding twelve terms a year. Furthermore, the provisions of §958 of the Penal Code gave the defendant the right to be tried at the next succeeding term to that at which his demand is granted, and this must be construed to be the next regular succeeding term. We do not mean to say that a defendant who has a demand would be discharged if the next regular succeeding term was properly adjourned and held at a later date than that provided by law. On the contrary, such a defendant would not be discharged, unless the State refused to try him at the adjourned term; but we do mean to say that the adjournment must be had in compliance and conformity with a general law of equal force with that contained in §958 of the Penal Code. If the local statute be construed as giving the court the right merely to continue a case by adjourning the term of court into the next succeeding term, this process might be continued indefinitely through all of the months of the year, and the constitutional right of the defendant to have a speedy trial would be practically abrogated. If a defendant who is entitled to be discharged under the decision in the *Geiger* case, supra, unless tried at the November term, can be deprived of that right by the term being adjourned over into the December term, which, according to the terms of the act itself, is a different term (although permission is granted to merge the November business into it in case it is necessary), what prevents the same process, at the conclusion of the December term, the January term, and any subsequent term, thereby rendering an absolute right of the defendant one purely within the discretion of the court? Under the decision of the Supreme Court, no matter what may be the discretion of the court as to carrying over a term, if this discretion is exercised before the defendant has been tried at the regular term at which he is entitled to be tried, he is entitled to be discharged and acquitted of the offense for which he has demanded to be tried.                    *Judgment reversed.*