### 38631. RIDER v. THE STATE.

TOWNSEND, Presiding Judge. 1. The pertinent facts of this case are briefly as follows. The defendant was indicted at the March, 1959, term of the Superior Court of Lumpkin County, at which term there were jurors impaneled and qualified to try him, and filed his demand for trial during that term. At the next or September, 1959, term he was placed on trial and a mistrial was declared. The date of the mistrial is not shown, but the bill of exceptions recites that the term was adjourned by operation of law five days prior to the March, 1960, term of court. The defendant subsequently moved for a dismissal of the case on the ground that he had not been

tried at the term of his demand or the next subsequent term in accordance with his demand under *Code* § 27-1901 and was therefore entitled to an acquittal. The overruling of this motion is assigned as error.

2. The mistrial was not a "trial" within the meaning of the Code provision, and the defendant was accordingly entitled to be again tried during the term or released at its end. *Geiger v. State*, 25 Ga. 667.

An exception to the demand statute is recognized in the *Geiger* case if the mistrial is the result of inevitable accident such as the death of the judge or a juror. Also such an exception is recognized in *Brown v. State*, 85 Ga. 713, 716 (11 S. E. 831). However, both of those Supreme Court cases, which of course are binding on this court unless the language to that effect constitutes obiter which is not binding on any court, were already decided at the time of *Nix v. State*, 5 Ga. App. 835 (63 S. E. 926). In that case this court held the exception recognized in *Geiger* and *Brown*, supra, to be obiter and stated that *Code* § 27-1901 confers a right upon the defendant, in aid of the constitutional guarantee of speedy trial, which does not admit of an implied exception. A re-examination of those decisions shows that the exception indicated in the *Geiger* case did not occur there and the statement was not necessary to a decision of the case. Also in the *Brown* case the exception there recognized of the trial continuing until the end of the term by operation of law was obiter as to the facts of that case. The holding in the *Nix* case that those decisions are obiter and not binding is therefore conclusive on this court unless overruled.

Since the purpose of the demand statute is to secure to defendants in criminal cases their rights guaranteed by Article 1, Section 1, Paragraph 5 of our Constitution to a speedy and public trial, the courts should seek to uphold rather than whittle away by judicial construction this and other provisions of our Bill of Rights, which secure to us the guarantees of freedom upon which this country is founded.

The trial court erred in overruling the motion to discharge and acquit the defendant.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 22, 1961.

*Herbert Edmondson,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.