## 45734. BANKSTON v. THE STATE.
### (367 SE2d 36)

MARSHALL, Chief Justice.

The applicant for interlocutory appeal, Clinton Bankston, Jr., is under indictment in the Clarke Superior Court, wherein he is charged with the murders of five persons on two separate dates. He was 15 years of age at the time of the alleged murders of two of the persons, and 16 years of age at the time of the alleged murders of the other three. The state has filed notice of its intent to seek the death penalty, and applicant has filed a pretrial motion to bar imposition of the death penalty on both constitutional and statutory grounds. The statutory provision in issue is the last sentence of OCGA § 17-9-3, which provides in full:

> In all capital cases, other than those of homicide, when the verdict is "guilty," with a recommendation for mercy, it shall be legal and shall mean imprisonment for life. When the verdict is "guilty," without a recommendation for mercy, it shall be legal and shall mean that the convicted person shall be sentenced to death. *When it is shown that a person convicted of a capital offense without a recommendation for mercy had not reached his seventeenth birthday at the time of the commission of the offense, the punishment of such person shall not be death but shall be imprisonment for life.* [Emphasis supplied.]

The trial court denied applicant's motion, and in seeking to obtain a reversal thereof by this court, the sole argument presented by applicant is that since he had not reached his seventeenth birthday at the time of the commission of any of the offenses charged, OCGA § 17-9-3 bars imposition of the death penalty. We agree with this argument, hereby grant the application, and reverse.

* * *

The history of OCGA § 17-9-3, and the evolution of constitutional law with respect to imposition of the death penalty, complicate the question of statutory construction in this case.

OCGA § 17-9-3 is a successor statute to Code Ann. § 27-2302, which dealt with capital offenses other than murder. The prohibition against imposing the death penalty upon a person, who had not reached his seventeenth birthday at the time of the commission of the offense, was added to Code Ann. § 27-2302 in Section 2 of a 1963 Act. Ga. L. 1963, p. 122 et seq. *Hawes v. State*, 240 Ga. 327, 337 (240 SE2d 833) (1977) (Hall, J., concurring specially). Section 1 of the 1963 Act amended Code Ann. § 26-1005, relating to the punishment for persons convicted of murder, by adding an identical provision to that Code Section.

As noted by Justice Hall in his special concurrence in *Hawes*, Section 1 of the 1963 Act, and the remainder of Code Ann. § 26-1005, were repealed in the extensive revision of our Criminal Code in 1968, and the provision barring imposition of the death penalty against those under 17 years of age at the time of the offense was mistakenly stricken from Code Ann. § 27-2302, as a result of what can be described as clerical error.

On June 29, 1977, the United States Supreme Court rendered its decision in *Coker v. Georgia*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977), and thereupon it became a rule of federal Constitutional law that the only permissible class of capital cases consists of cases of homicide.

The Official Code of Georgia became effective in 1982, and, as previously noted, the provision barring imposition of the death penalty against those under 17 years of age at the time of the offense is now officially codified in OCGA § 17-9-3.

* * *

Based on the language of the statute and its history, we realize that an argument can be made to the effect that the legislature did not intend the prohibition against executing persons under the age of seventeen years to apply to cases of homicide. However, by so holding, we would be ascribing to the legislature, in its passage of OCGA § 17-9-3, an intention to enact a statute which was at the time of its enactment and which is now a legal nullity, by reason of *Coker*. In addition, the third sentence of OCGA § 17-9-3, by its terms, applies to "capital offense[s]," and not, as stated in the first paragraph, "capital cases, other than those of homicide." Under these circumstances, our interpretation of the statute is that the legislature intended to

190

create a general prohibition against the execution of persons who had not reached their seventeenth birthday at the time of the commission of the offense. See *Legare v. State*, 250 Ga. 875 (4) (302 SE2d 351) (1983).

Such construction of the statute is also consonant with firmly established legal principles governing the construction and interpretation of penal statutes. "It has always been the law that criminal statutes must be strictly construed against the state. *McAllister v. State*, 122 Ga. 744 (50 SE 921) (1905). It is also true that the ' . . . legislative intent will prevail over the literal import of the words.' *Carroll v. Ragsdale*, 192 Ga. 118 (15 SE2d 210) (1914)." *Mitchell v. State*, 239 Ga. 3 (1) (235 SE2d 509) (1977). Furthermore, where a statute imposing the penalty for commission of a criminal offense is capable of two constructions, such statute should be construed as imposing the lesser penalty. *Knight v. State*, 243 Ga. 770, 775 (2) (257 SE2d 182) (1979); *Gee v. State*, 225 Ga. 669 (171 SE2d 291) (1969).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 20, 1988.

*Edward D. Tolley, Donald T. Wells, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.