### A03A1802. BONAKIES v. THE STATE.
(589 SE2d 573)

ELDRIDGE, Judge.

A Fulton County jury found Sean Bonakies guilty of concealing the death of another; he was acquitted on additional charges of murder, aggravated assault, and possession of a firearm during the commission of a crime. He appeals from his conviction, contending solely that the trial court erred in denying his plea in bar and motion for acquittal based upon what he claims was a statutory speedy trial demand he filed pro se from jail prior to his representation by counsel. For the reasons that follow, we conclude that Bonakies' demand was insufficient, and we affirm his conviction.

Apparently, Bonakies was originally indicted on August 2, 2002. Bonakies' pro se demand was filed in Fulton County Superior Court on August 28, 2002. The demand was captioned, "Demand by Accused for Speedy Trial Under the Sixth and Fourteenth Amendments of the Constitution." The body of the demand again identifies it as "pursuant to the Sixth and Fourteenth Amendments of the U. S. Constitution" and then "asks that he be tried at this term or at the next term of this court." The demand is filed under an arrest warrant number and does not identify the charges sought to be tried. Bonakies mailed the demand to the Clerk of Fulton County Superior Court, 185 Central Avenue, Atlanta, Georgia, 30303. While the demand certifies that Bonakies also mailed a copy of the demand to the "District Attorney Office of Fulton County," it is undisputed that he mailed it to the wrong address. The court clerk replied to Bonakies' filing via a short letter which stated that his demand had been "forwarded to the District Attorney's Office" and to the public defender's office; the clerk's reply also stated that Bonakies' case was "Unindicted," and no charges or other identification was included. There is no evidence that the district attorney's office received the demand.

Fulton County Superior Court has six terms of criminal court each year: January/February, March/April, May/June, July/August, September/October, and November/December.[1] At the hearing on the plea in bar, Bonakies' attorney, Thomas S. Robinson III, stated that "Mr. Bonakies' case had been already indicted, which is required, and

---

[1] OCGA § 15-6-3.

on November 12th[, 2002,] this case was called for trial and he announced ready through his counsel." There is no evidence in the record that Bonakies was represented by any attorney other than Robinson, and the record contains no evidence supporting Robinson's claim that he announced Bonakies ready for trial on November 12, 2002. *Held:*

Because Bonakies was indicted for a capital offense, the statutory speedy trial provisions of OCGA § 17-7-171 apply. Subsection (b) of the statute contains three requirements a defendant must meet in order to effect a demand for speedy trial: the demand must actually be filed with the court; there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed;

> and at sometime during both of the first two regular terms of court following the term the demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment.[2]

Discharge and acquittal based on a statutory speedy trial demand is an extreme sanction that requires strict statutory compliance.[3]

a. Bonakies' demand, on its face, was a request for trial under the Sixth Amendment speedy trial provisions of the U. S. Constitution. Accordingly, the statutory right was not properly asserted. While the body of the demand, again pursuant to the U. S. Constitution, asked for trial "at this term or the next term of this court," this language invokes the provisions of OCGA § 17-7-170, not OCGA § 17-7-171 as was applicable to Bonakies' capital case. Considering Bonakies' unambiguous request for trial under constitutional — not statutory — provisions and his failure to demand "to be tried within the next two succeeding terms of court"[4] pursuant to applicable statutory law, we cannot say that his demand met a minimum acceptable standard for asserting the statutory right to a speedy trial so as to warrant the extreme sanction of complete discharge and acquittal.

b. Bonakies' demand failed to identify either the indictment number or the charges against him. "Such a demand cannot reasonably be construed as sufficient to put the authorities on notice of a defendant's intention to invoke the extreme sanction" of OCGA § 17-7-171 in relation to any particular case.[5]

---

[2] *Levester v. State*, 270 Ga. 485 (512 SE2d 258) (1999); *Williams v. State*, 258 Ga. App. 367, 370 (2) (574 SE2d 416) (2002); *Azizi v. State*, 274 Ga. 207, 209 (553 SE2d 273) (2001).

[3] *Crawford v. State*, 252 Ga. App. 722, 723 (1) (556 SE2d 888) (2001).

[4] See *State v. Bell*, 274 Ga. 719 (1) (559 SE2d 477) (2002).

[5] *Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762) (1984); accord *Aranza v. State*, 213 Ga. App. 192, 193 (2) (444 SE2d 349) (1994). See *State v. Bell*, supra at 719

c. There appears to be significant evidentiary contradictions in defense counsel's assertion that Bonakies, through counsel, announced ready for trial on November 12, 2002 — during the November/December term of court. However, even accepting this assertion at face value, there is no evidence that Bonakies and/or his attorney appeared in court and announced ready during the preceding, September/October term of court following the filing of his demand in August. "[A] defendant, either personally or through his attorney, must be present in court announcing ready for trial and requesting a trial on the indictment during the first two regular terms of court following the filing of his demand."[6]

For these reasons, we find that the trial court did not err in denying Bonakies' plea in bar and motion for acquittal.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 10, 2003 —
RECONSIDERATION DENIED OCTOBER 28, 2003 — 

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.

---

(defendant's demand "correctly specifies the number of the indictment which charged him with murder").

[6] *Dotson v. State*, 253 Ga. App. 787, 789 (1) (560 SE2d 349) (2002); see also *Levester v. State*, supra at 485 (under OCGA § 17-7-171, defendant must announce ready for trial during *both* regular terms following the term the demand is filed).