## S03A0936. THE STATE v. VARNER.

### (589 SE2d 111)

BENHAM, Justice.

Pursuant to the holding in *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980), the State appeals the trial court's grant of a motion for discharge and acquittal following a mistrial on the last day of the term of court when the jury was unable to reach a verdict on counts of an indictment charging appellee Charles Varner with malice and felony murder and possession of a firearm during the commission of a felony. We reverse the trial court's grant of discharge and acquittal.

During the March 2002 term of court of the Superior Court of Fulton County, appellee Varner was charged in an indictment with malice murder, felony murder (aggravated assault), aggravated assault, armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. During the May 2002 term of court, appellee filed a demand for trial pursuant to OCGA § 17-7-171 (a), thereby putting the State on notice that he expected to be tried in the next two regular terms of court or be absolutely discharged and acquitted of the offenses charged in the indictment. OCGA § 17-7-171 (b). Since the Superior Court of Fulton County has six two-month terms of court each year, with a new term beginning on the first Monday in January, March, May, July, September, and November (OCGA § 15-6-3 (3)), appellee's demand for trial required that appellee be given a trial by the close of the September 2002 term of court.

Appellee was tried on the indictment during the last week of the September 2002 term of court. The trial commenced on Monday, October 28, and was submitted to the jury on the afternoon of Wednesday, October 30. After deliberating for several hours Wednesday, all day Thursday, and all morning Friday, the jury returned its verdicts November 1, finding appellee guilty of aggravated assault and possession of a firearm by a convicted felon, and acquitting him of the armed robbery charge. The jury was unable to reach a unanimous verdict on the counts charging malice murder, felony murder, and possession of a firearm during the commission of a felony, and the trial court declared a mistrial as to those charges. The State announced it was ready to commence a trial on the unresolved charges immediately. A phone call was made to the jury clerk and the trial court announced on the record that all parties were told there were no jurors available. Court reconvened on Monday, November 4, the first day of the November 2002 term. At that time, the trial court granted appellee's motion for discharge and acquittal after finding that the period of time within which the State was required to try appellee pursuant to his demand for trial had expired by operation of law.

The demand for trial statutes, OCGA §§ 17-7-170 and 17-7-171, are regarded " 'as in aid and implementation of the State constitutional right' " to a speedy trial. *Henry v. State*, 263 Ga. 417, 418 (434 SE2d 469) (1993). When the State is unable to meet its statutory requirement to try a defendant who has timely filed a compliant demand, the statute exacts a heavy toll — the absolute discharge and acquittal of that defendant. Given the extreme nature of the sanction of absolute discharge and acquittal, it is applied only where there has been strict compliance with OCGA § 17-7-170 or § 17-7-171, whichever is the applicable statute prescribing the means by which a criminal defendant may assert a demand for trial. *State v. Bell*, 274 Ga. 719, 720 (559 SE2d 477) (2002) (Benham, J., dissenting); *Bonakies v. State*, 263 Ga. App. 812 (589 SE2d 573) (2003); *Roberts v. State*, 263 Ga. App. 472 (588 SE2d 242) (2003).[1]

Where a defendant has filed a demand for trial, a mistrial resulting from other than "inevitable accident, such as the death or sickness of the Judge or one or more of the jury, &c., &c." does not constitute a trial that satisfies the State's obligation under the demand for trial statutes. *Geiger v. State*, 25 Ga. 667, 668 (1858).[2] In *Little v. State*, 54 Ga. 24 (1875), this Court concluded that discharge and acquittal was not mandated by a mistrial due to a hung jury if the defendant could be retried before the expiration of the term (and the period under the demand statute). In so doing, the Court implicitly determined that a mistrial resulting from the inability of the jury to reach a verdict did not fall within the scope of "inevitable accident" and did not satisfy the statutory demand for trial. See also *Orvis v. State*, 237 Ga. 6 (1) (226 SE2d 570) (1976). In both *State v. Allen*, 165 Ga. App. 86 (299 SE2d 158) (1983) and *Nix v. State*, 5 Ga. App. 835 (63 SE 926) (1909), the Court of Appeals determined discharge and acquittal was in order following a mistrial due to the jury's inability

---

[1] Contrary to the dissent's assertion, OCGA §§ 17-7-170 and 17-7-171 are not penal statutes that must be strictly construed against the State. Penal laws are "those which prohibit an act and impose a penalty for the commission of it. [Cit.] Strictly and properly speaking, a penal law is one imposing a penalty or punishment . . . for some offense of a public nature or wrong committed against the state. [Cits.]" Black's Law Dictionary (Rev. 4th ed.). The demand for trial statutes confer a benefit on one accused of an offense should the State not meet its statutory obligation to try the defendant who invokes his statutory right to trial.

[2] In *Geiger*, the trial court denied the motion for discharge and acquittal after twice putting the defendant on trial and twice dismissing the jury prior to verdict. In reversing, this Court noted the record did not disclose a cause for ordering either mistrial and held that, while a trial court ordinarily could exercise its discretion and order a mistrial, it could not do so without the defendant's consent when the defendant had filed a demand for trial, unless the mistrial was "the effect of inevitable accident, such as the death or sickness of the Judge or one or more of the jury, &c., &c." Inasmuch as the reasons for the mistrials were unknown, the *Geiger* Court was unable to determine whether the "mistrial exception" was applicable, and the denial of discharge and acquittal was reversed.

to reach a verdict when the State failed to re-try the defendant during the term of mistrial and there was no obstacle to re-trying the defendant in that time frame.

In the case at bar, we are faced with a situation in which there is no time in the term of mistrial to re-try the defendant. After the jury deliberated for fourteen hours over three days, the trial court declared the mistrial on the afternoon of the last business day of the court's September 2002 term, and there were no jurors available to re-try Varner in the time remaining in the term of mistrial. A mistrial on the last day of the term based upon the jury's failure to agree on a verdict occurred in *Brown v. State*, 85 Ga. 713 (11 SE 831) (1890), but the Court affirmed the denial of discharge and acquittal on the ground that the indictment to which the demand had been filed had been superseded by an indictment charging "a substantially different offense." Id. at 717. Nonetheless, Chief Justice Bleckley, delivering the opinion for a unanimous Court, included in the opinion the Court's vision for resolution of the issue of a mistrial brought about by a hung jury on the last day of the term in a case in which a demand for trial had been filed. The Court noted that a demand for trial which resulted in a trial ending in mistrial due to "a persistent disagreement of the jury" on the last day of the term would "stand over and be operative to secure a trial at the next term." Id. at 716 (1).

We endorse Chief Justice Bleckley's nineteenth century suggested resolution and apply it to the facts of the twenty-first century dilemma with which we are faced. Accordingly, we hold that the State meets its obligation under the demand statute when it re-tries the defendant during the remainder of the term of mistrial, provided there are jurors impaneled and qualified to hear the case and, if not, in the next succeeding regular term of court, again provided there are juries impaneled and qualified to hear the case. In addition to being the resolution suggested by the *Brown* Court in 1890, such a result is in keeping with our determinations in *Henry v. James*, 264 Ga. 527 (1) (b) (449 SE2d 79) (1994), when a conviction is overturned on appeal, and *Silvey v. State*, 84 Ga. 44, 46 (1889), when a trial court grants a motion for new trial following the return of a guilty verdict. In both situations, this Court concluded that the demand for trial was still in force[3] and the State met its statutory burden to provide a timely trial when it re-tried the defendant in the term in which the remittitur or grant of new trial was filed, or in the next regular term

---

[3] While not relied on in *Silvey*, in *Dennis v. Grimes*, 216 Ga. 671 (1) (118 SE2d 923) (1961), disapproved on other grounds in *Henry v. James*, supra, 264 Ga. 527 (1) (b), this Court held that a defendant who was granted a new trial "is not required to again demand a trial since the State is already on notice of the demand. . . ."

of court.

Inasmuch as the mistrial in the case at bar occurred on the last business day of the term of court, the demand for trial operates to secure Varner a trial at the next regular term of court.[4] Accordingly, the trial court erred when it granted the motion for discharge and acquittal.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., and Hines, J., who dissent.*

HINES, Justice, dissenting.
Today the majority of this Court drastically changes the law.

> [B]ecause the majority opinion unwarrantedly abandons established precedent, ignores legislative prerogatives, provides no guidance, fails to consider the ramifications of its holding, and destroys predictability, certainty, and stability in the law, I must respectfully dissent to the judgment of the majority in this case.

*AT&T Corp. v. Sigala*, 274 Ga. 137, 145 (549 SE2d 373) (2001) (Benham, J., dissenting). The majority has violently shaken the salutary doctrine of stare decisis.

> Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of argument. [Cits.] . . . [But] "[t]he doctrine of stare decisis seems to be less viable year by year." [Cit.] The haste [to abandon precedent] damages the reliability and credibility of this court's decisions and adds to instability and uncertainty in the law. . . . Perhaps the doctrine of stare decisis is no longer in vogue, but is it not unsettling to the practicing bar to recognize the willingness of this court to alter its interpretation of [statutes] as subsequent cases arise?

*Grissom v. Gleason*, 262 Ga. 374, 378 (418 SE2d 27) (1992) (Benham, J., concurring specially). In abandoning the doctrine of stare decisis, the majority simply has put itself in the place of the legislature.

As the majority seems to accept, a mistrial does not constitute a "trial" so as to satisfy a statutory speedy trial demand; the defendant who has experienced a mistrial still has not received the speedy trial guaranteed him under the statute. *Geiger v. State*, 25 Ga. 667 (1858); *Adams v. State*, 129 Ga. App. 839, 840-841 (201 SE2d 649) (1973);

---

[4] See *Henry v. James*, supra, 264 Ga. 527, for the effect this appeal has on the time frame in which Varner's demand for trial must be met.

*Rider v. State*, 103 Ga. App. 184 (118 SE2d 749) (1961); *Nix v. State*, 5 Ga. App. 835, 836-837 (63 SE 926) (1909). Thus, Varner did not receive the speedy trial which he demanded under the statute. It has long been held that such a failure requires that Varner be discharged. See *Hunley v. State*, 105 Ga. 636, 638 (31 SE 543) (1898). But the majority holds that the statute will be read differently if a mistrial occurs at a certain point in the term. That has never been the law of this State, nor is it proper to so declare today.[5]

Criminal statutes are construed strictly against the State, including those that pertain to procedure and confer a benefit upon a defendant. See *State v. English*, 276 Ga. 343, 349 (3) (578 SE2d 413) (2003); *Hughes v. State*, 269 Ga. 819, 821 (2) (504 SE2d 696) (1998); *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988). See also *Pryor Organization v. Stewart*, 274 Ga. 487, 488 (1) (554 SE2d 132) (2001).[6] But the majority does not strictly view this statute. Rather, relying on dicta from *Brown v. State*, 85 Ga. 713 (11 SE 831) (1890), the majority re-writes the statute. That is the prerogative of the General Assembly. But that body has not enacted any statutory provision to address a speedy trial demand and a late-term mistrial; it is the majority opinion in this case that has engrafted such a provision onto the statute.

The statute is clear. Assuming that the demand has been properly made and the terms at issue meet the statute's requirements, there are but two outcomes: trial, or discharge and acquittal. OCGA § 17-7-171. This Court has recognized, both before and after *Brown*, that under the speedy trial demand statutes, "[t]he court *must* try, or the prisoner *must* be discharged." (Emphasis in original.) *Hunley*, supra at 638. See also *Durham v. State,* 9 Ga. 306, 310 (1851) ("The Act makes no exceptions – none are admissible by the Courts."). As this Court stated over a century-and-a-half ago,

> We can add no qualifications or limitations to this Act – we can create no exceptions, and can make no additions. It is said that in this case, the Court had not time to try the prisoner. That may be. The Legislature makes no remission of the operation of this Act for that cause. We are to presume that they looked to all the circumstances of the case, and

---

[5] I must also note that the majority opinion does not provide guidance to the bar as to when the departure from the statute is warranted: only when mistrial occurs on the last day of the term; when it occurs in the last week of the term and all prospective jurors have been excused; or when weeks remain in the term but jury trials are not scheduled?

[6] In fact, in discussing the predecessor of our current OCGA § 17-7-170, this Court stated "Criminal statutes are to be construed liberally in favor of the accused." *Denny v. State*, 6 Ga. 491, 493 (1849). But see *Price v. State*, 25 Ga. 133, 135 (1858), overruling *Denny* and strictly following the language of the statute.

with an eye open upon them all, passed the law as we find it. It is said that this ruling will turn out one-half the criminals before the Courts, without a trial. We do not believe this; but if it be true, what better answer to such a suggestion, than that the Legislature have so ordered it?

*Kerese v. State,* 10 Ga. 95, 97 (1851).

The dicta of *Brown,* upon which the majority relies, has not existed in a vacuum since 1890. Rather, it has long been recognized to be dicta, and unpersuasive dicta. *Nix v. State,* supra at 836-837. It is clear that the General Assembly has had notice of the problem presented here prior to this day. In cases such as *Kerese* and *Nix,* supra, it was contended that the mistrial occurred when it was not possible to retry the defendant in the last term under the demand. No action was taken by the General Assembly to change the statute. This situation was thoroughly discussed in *Nix,* supra at 836-837, wherein it was clearly noted that the statute provides for either trial or discharge, and that the dicta of *Brown* suggesting otherwise has not been acted upon. That dicta has still not been acted upon, at least not by the General Assembly, the body properly designated in our Constitution as holding legislative power. Ga. Const. of 1983, Art. III, Sec. I, Par. I. A majority of this Court has now determined that it knows better than the General Assembly how the statute should read.

The majority opinion sub silentio overrules precedent from this Court dating to its earliest days, and usurps the role of the legislature in doing so. I cannot join it.

I am authorized to state that Chief Justice Fletcher joins in this dissent.

DECIDED NOVEMBER 26, 2003 —
RECONSIDERATION DENIED DECEMBER 11, 2003.

*Paul L. Howard, Jr.,* District Attorney, *Bettieanne C. Hart, Elizabeth A. Baker, Brett E. Pinion,* Assistant District Attorneys, for appellant.

*D. Todd Wooten,* for appellee.