### 2595. THORNTON *v.* THE STATE.

1. If a defendant in a criminal case demands trial in accordance with the statutory method, and he is not tried at the term at which he makes the demand, or at the next succeeding term, his discharge and acquittal take place by operation of law, provided that "at both terms there were juries impaneled and qualified to try him." It is a matter of regularity that the record in the case be completed by the court's entering the fact of the discharge upon the minutes by formal order; but the discharge is effective whether the order is ever entered or not.

2. The defendant who has made a formal demand and had it spread upon the minutes may thereafter waive his right to insist upon it, but it is not incumbent upon him to take further active steps to bring the case to trial, and he does not waive it by remaining silent and not calling the attention of the court to the matter thereafter.

Accusation of misdemeanor; from city court of Dublin—Judge Hawkins. March 18, 1910.

Submitted May 3,—Decided May 12, 1910.

*Hal B. Wimberly,* for plaintiff in error.

*W. C. Davis, solicitor,* contra.

POWELL, J. At the December term, 1908, of a city court, the defendant made a demand for trial, which was regularly entered upon the minutes of the court by the order of the judge. The March, June, and September terms, 1909, passed without any action being taken, though there were juries sworn and impaneled, qualified to try the case at those terms. At the December term, 1909, the prosecuting attorney called the case and forfeited the defendant's appearance bond. At the March term, 1910, the defendant's counsel moved a formal order of discharge, praying that it be entered nunc pro tunc as of the March term, 1909; and it ap-

pears that the defendant was not in court when this motion was made. The court refused to grant the order.

State's counsel insists in this court upon two reasons why the order should not have been granted. He concedes that the demand was regularly made and that the defendant was present at the term when the demand was made and at the next succeeding term, and that juries were impaneled and qualified to try him, but he says that the defendant by letting the case be continued by the State—by not taking any affirmative action in the matter—by not insisting upon his discharge being entered upon the minutes, had thereby waived it. The point is not well taken; indeed, it is practically controlled by the decision of this court in the case of *Collins* v. *Smith, 7 Ga. App.* 653 (61 S. E. 847). When a defendant, in accordance with the statutory method, makes his demand and it is spread upon the minutes, and the State neglects or refuses to try him at the term when the demand is made, or at the next succeeding term, the defendant's discharge takes place by operation of law, provided that at both terms there are present in court juries impaneled, qualified to try the case. In order to complete the record and to have permanent evidence of the fact that the matters upon which the demand is based have happened, it is regular that the court shall enter the fact of the discharge upon the minutes; and as this is a transaction that relates to the term of court succeeding that on which the demand was made, it is proper that the fact of the discharge should appear on the minutes of the court as a part of the proceedings of that term. But as the defendant's discharge results from the operation of law upon the facts, and not from the mere formulating and recording of the evidence of the facts, he is not to be prejudiced by any failure of the court to take this action.

The defendant, it is true, may waive his right to insist upon a demand. If he should absent himself from the court, or should move for a continuance, or should agree upon a continuance, or should do any other act affirmatively showing an intention not to insist upon his demand, a waiver would be implied. However, no such waiver results from mere inactivity on his part, provided he does not absent himself from court, so that he can not be tried. The State is the pursuer; he is the pursued; until the State moves toward him, he may remain still. If he has demanded trial and

48

stands ready for the trial if it comes, he has done all that the law requires of him in the way of insistence upon his demand; and therefore, if the State neglects to try him within the time prescribed by law, it operates as a conclusive and final abandonment of the prosecution.

The other point made by the State's counsel is that the court should not have entertained the motion for discharge nunc pro tunc, because it was made by the defendant's counsel alone, and the defendant was not then present in court. As the motion to enter the judgment for discharge nunc pro tunc was a matter of mere formality, relating not to the guilt or innocence of the defendant, but to the correction of deficiencies in the court's own record, we see no reason why the defendant's personal presence was necessary. We think that this was a matter that could be properly brought to the court's attention through the intervention of counsel. The facts being conceded, the court should have ordered the evidence of discharge entered nunc pro tunc. See, on the subject generally, *Campbell* v. *State*, 6 *Ga. App.* 539 (65 S. E. 307); *Nix* v. *State*, 5 *Ga. App.* 835 (63 S. E. 926); *Clay* v. *State*, 4 *Ga. App.* 142 (2), 145 (60 S. E. 1028). On the subject of entering the demand nunc pro tunc, see *Graham* v. *State*, 1 *Ga. App.* 682 (57 S. E. 1055), and cases cited; *Collins* v. *Smith,* supra. Section 958 of the Penal Code, relating to the right of the defendant to demand a trial, was enacted in obedience to the constitutional safeguard which guarantees a speedy trial to every citizen charged with crime, and it is to be fairly construed to the accomplishment of that end.        *Judgment reversed.*