### A89A0704. SMITH v. THE STATE.
(386 SE2d 370)

BENHAM, Judge.

This appeal is from the trial court's denial of appellant's motion for discharge and acquittal. Appellant filed his demand for trial under OCGA § 17-7-170 on March 24, 1988, during the March term of court. A jury was impaneled (April 4-6) during the March term, after his demand, and appellant was not tried during that term. Nor was he tried during the next succeeding term (May term) in which a jury was impaneled (May 2-4). "[W]here demand is made and two terms of court expire, at both of which juries are impaneled and qualified to try the defendant, then discharge and acquittal must follow. [Cits.]" *Bush v. State*, 152 Ga. App. 598, 599 (263 SE2d 499) (1979). "[T]he defendant's discharge takes place *by operation of law.*" *Thornton v. State*, 7 Ga. App. 752, 753 (1) (67 SE 1055) (1910). (Emphasis supplied.) "[N]o motion to acquit is necessary, but the discharge of the accused results *automatically, by operation of law. . . .*" *Bishop v. State*, 11 Ga. App. 296, 297 (75 SE 165) (1912). (Emphasis supplied.) Thus, appellant was *automatically* discharged at the close of the May

term. Therefore, since appellant was automatically discharged at the close of the May term, the State's reliance on appellant's September term purported waiver of his demand for trial is misplaced.

The dissent is based on the proposition that appellant waived his demand for speedy trial by filing a motion to suppress. However, the quote from *State v. Waters*, 170 Ga. App. 505 (3) (317 SE2d 614) (1984), on which the dissent is based omits a crucial portion of the ruling in *Waters*. A more complete reading of the sentence is as follows: "[B]y filing a motion to suppress, a defendant effectively consents to a delay of his trial pending final resolution of the issue of evidentiary admissibility, if the motion is granted and the State elects to have that appellate determination made." Id. It is readily apparent from reading that language that there is no waiver unless the motion is granted and the State elects to appeal. In *Waters*, the motion was granted and the State appealed; in the present case, the motion was not even heard. Appellant did nothing to delay bringing his case to trial and the record is devoid of any waiver by him of his demand for trial.

The trial court's denial of appellant's motion for discharge and acquittal was error.

*Judgment reversed. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. McMurray, P. J., concurs in judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

When defendant filed his demand for trial under OCGA § 17-7-170 he also filed a motion to suppress evidence. "[B]y filing a motion to suppress, a defendant effectively consents to a delay of his trial pending final resolution of the issue of evidentiary admissibility. . . ." *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984). He cannot say he is both ready for trial and not ready for trial at the same time. By calling for a pretrial hearing, he "waived his right to trial during that term," in the words of *Wilson v. State*, 181 Ga. App. 337, 338 (1) (352 SE2d 189) (1986).

He clearly stood on the motion, and on his motion for a *Jackson v. Denno* hearing if there were any statements, until the motions were set for hearing. Stipulated into the record is a September 9 letter from defendant's counsel to the solicitor, which states that "it will not be necessary to hear the motions in the above-referenced cases [including defendant's]. Please feel free to excuse your witnesses." By filing the motion he, in the words of *Thornton v. State*, 7 Ga. App. 752 (67 SE 1055) (1910), "affirmatively show[ed] an intention not to insist upon his demand." When the case was called in court for motions on September 12, the State announced ready and defense counsel announced that his client was available but he was withdrawing

his motions. No objection was registered by defendant when the case was then declared by the judge as ready for trial.

Defendant moved for discharge and acquittal in the next term, in December. This was premature, even if the demand was extant. The first time defendant was ready for trial was in the September term, when he abandoned his motions. December was in the second term in which jurors were impaneled and qualified. Discharge results by operation of law only "provided . . . [inter alia], the failure to try is not due to the voluntary absence of the accused, or to some other conduct on the part of himself or his counsel." Here is an instance of the latter, at least up until the September term.

This is the result even if it is assumed that the demand was extant. But it was not, as it had been withdrawn. Written by the chief deputy clerk along the side margin of defendant's pleading containing the demand is the following notation: "9/12/88 Motion Withdrawn by Atty. Tucker — Judge Adams Dismissed Motion Declared ready for Trial." In the absence of a transcript, the clerk certified that at the Preliminary and Motion Calendar for September 12, counsel "announced . . . that he was withdrawing his motions."

Thus, whether the demand was valid to begin with because it was filed along with delaying action, or whether it was valid but tolled until defendant stood ready for trial, or whether it was withdrawn on September 12, in any event defendant was not entitled to discharge and acquittal on December 6 under OCGA § 17-7-170.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 31, 1989 —

*Lane & Tucker, Alan D. Tucker*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.