## S96A0446. FRANKS v. THE STATE.

(469 SE2d 651)

HUNSTEIN, Justice.

The state is seeking the death penalty against David Scott Franks for the murder of Deborah Diane Wilson.[1] During the term of the superior court in which he was indicted, Franks filed a demand for trial pursuant to OCGA § 17-7-171 (a). More than two regular terms of court were then convened and adjourned. Although at both terms juries were impaneled and qualified to try Franks, and the defense was present in court announcing ready for trial, Franks has not been tried. Therefore, citing OCGA § 17-7-171 (b), Franks filed a motion for discharge and acquittal. The trial court subsequently conducted a hearing pursuant to OCGA § 17-10-35.2 to determine whether interim appellate review would be appropriate. In that hearing, the court denied Franks' motion for discharge and acquittal, prompting this direct appeal under OCGA § 5-6-34.[2] The court also determined that pretrial appellate review is appropriate. The court then filed a report in the office of the clerk of the superior court, pursuant to OCGA § 17-10-35.1, certifying that all pretrial proceedings are complete in the trial court and setting forth those issues which the trial court deemed to warrant pretrial review.[3] We hold that because pretrial review proceedings are not yet complete in this Court, the counting of terms under subsection (b) of OCGA § 17-7-171 has not begun, and the trial court's ruling must be affirmed.

Pursuant to OCGA § 17-7-171 (c),

> [i]n cases involving a capital offense for which the death penalty is sought, if a demand for trial is entered, the counting

---

[1] Franks was also indicted for felony murder, armed robbery, two counts of aggravated battery, two counts of aggravated assault, two counts of cruelty to children, burglary and theft by taking in connection with the murder.

[2] See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

[3] The relief which Franks seeks in this direct appeal, were he to prevail, would render moot any other pretrial rulings which might arguably have been in error. Therefore, Franks declined to raise, in the hearing held pursuant to OCGA § 17-10-35.2, any issues warranting interim appellate review, and neither the state nor Franks filed reports pursuant to OCGA § 17-10-35.1 (a). We anticipate that the parties may elect to file such reports following disposition of this appeal, and neither party has, by delaying the filing of a report pending this appeal, waived its right to do so. Because the report of the trial court has been transmitted to this Court only as a part of the record in this direct appeal and further because the reports of the parties, if any, have not been transmitted to this Court by the clerk of the superior court pursuant to OCGA § 17-10-35.1 (c), review of pretrial proceedings in this Court pursuant to subsection (d) has not yet commenced. Upon remand of this case after disposition of this appeal, the trial court is directed to hold a final hearing pursuant to OCGA § 17-10-35.2 and to file an amended report pursuant to OCGA § 17-10-35.1 (a). The parties shall then file their reports, if any, as directed in subsection (a), and the clerk of the superior court shall transmit to this Court the reports, supplemental transcripts, supplemental record, if any, and any application for appeal as set forth in subsection (c).

of terms under subsection (b) of this Code section shall not begin until the convening of the first term following the completion of pretrial review proceedings in the Supreme Court under Code Section 17-10-35.1.

Although subsection (c) is the only portion of the statute exclusively applicable to capital cases in which the death penalty is sought, Franks argues that its provisions do not apply in this case. He points out that pretrial review in the Supreme Court is not mandatory, first because this Court may deny interim appellate review pursuant to OCGA § 17-10-35.1 (d), and second because the trial court may enter an order obviating interim appellate review pursuant to OCGA § 17-10-35.2, so that pretrial review proceedings in this Court never commence. Consequently, he contends, subsection (c) cannot be read to apply to all death penalty cases, and unless pretrial review proceedings in this Court have commenced within the time period provided for trial in subsection (b), the counting of terms in a death penalty case must proceed under subsection (b) without regard to subsection (c). Franks cites in support of this proposition *Thornton v. State*, 264 Ga. 563, 574 (18) (449 SE2d 98) (1994) and *Dalton v. State*, 263 Ga. 138, 139 (429 SE2d 89) (1993), both death penalty cases, in which we applied the procedure for counting terms set forth in subsection (b). Any other approach, he contends, could delay pretrial proceedings indefinitely, denying defendants in death penalty cases equal protection and due process.

We cannot agree with Franks that subsection (c) is inapplicable in this case, thus compelling a conclusion that his motion for discharge and acquittal should have been granted under subsection (b). Subsection (c) nowhere indicates that, for its provisions to apply in a death penalty case, the trial court must either certify issues for pretrial review or enter an order obviating such review within the time period provided for trial in subsection (b). It merely states that the counting of terms shall not begin in death penalty cases until the convening of the first term after completion of pretrial review proceedings in this Court. In this case, the trial court has determined that such review is warranted and has filed a report to that effect. Therefore, "pretrial review proceedings in [this] Court," which include, and may be limited to, the determination whether to grant interim review, are not complete, and the counting of terms under subsection (b) has not begun. However, had the trial court concluded that no issues warranted certification for pretrial appellate review and entered an order obviating such review, we would not agree with the construction of the statute urged by Franks. On the contrary, as we here construe subsection (c) of the statute, where the trial court deems pretrial review unwarranted, the counting of terms under subsection (b) would

not commence until the trial court entered its order obviating pretrial appellate review. Neither *Thornton* nor *Dalton* compels a different conclusion, because those opinions do not address circumstances involving the timeliness of proceedings under the Unified Appeal process.

We acknowledge that the statute, as we construe it, fails to limit the duration of pretrial proceedings in the superior court in death penalty cases. Nevertheless, the statute does not unconstitutionally deny death penalty defendants equal protection or due process; according the trial court a longer period for pretrial proceedings in death penalty cases than is allowed in other capital cases is rationally related to the legitimate governmental interest in following the Unified Appeal process. See *Henry v. State*, 263 Ga. 417 (434 SE2d 469) (1993); *Harper v. State*, 203 Ga. App. 775, 777 (417 SE2d 435) (1992). Likewise, the statute does not and cannot deprive death penalty defendants of their state or federal rights to a speedy trial. Those rights are fundamental, and OCGA § 17-7-171 is merely a procedural device in aid and implementation of the state constitutional right. *Henry*, 263 Ga. at 418. We also note that the statute, as contrasted with the state and federal constitutions, affords a defendant no remedy for delay in pretrial proceedings until either the trial court issues an order obviating interim review or until interim appellate review proceedings are completed in this Court. However, in the absence of constitutional infirmities, it is the role of the General Assembly, not this Court, to determine whether and how to limit by statute the duration of pretrial proceedings in death penalty cases.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 1996 —
RECONSIDERATION DENIED MAY 23, 1996.

*Thompson, Fox, Chandler, Homans & Hicks, Joseph A. Homans, Robbins, Smith & McLeod, Stanley W. Robbins,* for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Leonard C. Parks, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.