S98A0560. TURNER v. THE STATE.
(497 SE2d 560)

THOMPSON, Justice.

James Steven Turner brings this appeal from the denial of his motion for discharge and acquittal following a demand for a speedy trial.

The stipulated facts show that Turner was indicted during the

1995 September term of the Catoosa Superior Court and charged with malice murder in the 1979 shooting death of James M. Corvin. He filed a demand for speedy trial during the September 1995 term of court.[1] Catoosa County has two annual terms of court, commencing on the first Monday in March and the second Monday in September of each year. There were no jurors empaneled and qualified to try Turner during the remainder of the September 1995 term.

During the March 1996 term, which followed, Turner was present in court and announced ready for trial and there were jurors empaneled and qualified to try his case.

Turner and the State agreed that the case would not be sounded during the September 1996 term; and a written consent order was entered, as follows:

> It appearing to the Court that the parties have agreed to the entry of this order, it is hereby CONSIDERED, ORDERED AND ADJUDGED that the trial of this case is hereby continued from the September 1996 term of the Superior Court of Catoosa County. It is expressly understood that the defendant will not insist on his demand for trial during the September 1996 term and that the State will not attempt to sound the case for trial during the term. It is the intent of this order that the defendant's demand for trial will not be effective for the present term, but shall remain in full force and effect for the March 1997 and September 1997 terms of the Superior Court of Catoosa County.

In accordance with the order, Turner was neither present in court nor did he announce ready for trial during the September 1996 term. Nor did the State sound the case or announce ready for trial, although there were jurors empaneled and qualified during that term.

Turner was present and he announced ready for trial during the March 1997 term, and there were jurors empaneled and qualified to try him. The State did not sound the case for trial.

During the September 1997 term, Turner made an oral motion for discharge and acquittal, asserting that the consent order had the effect of "skipping" the September 1996 term, that two terms had run at the conclusion of the March 1997 term, and that he is entitled to acquittal under OCGA § 17-7-171 (b).[2] The motion was denied and

---

[1] Although the demand recited that it was entered pursuant to OCGA § 17-7-170, the parties agree that OCGA § 17-7-171 is the appropriate Code section, and have treated it as such, because Turner is facing prosecution for the capital offense of murder.

[2] OCGA § 17-7-171 (b) provides that a defendant charged with a capital offense who has

Turner brought this direct appeal. *Franks v. State*, 266 Ga. 707 (469 SE2d 651) (1996); *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

We need not determine whether Turner's consent to the order constituted a request for a continuance or other affirmative conduct on his part as would operate as a waiver of his speedy trial demand. See *Rice v. State*, 264 Ga. 846 (452 SE2d 492) (1995); *Mize v. State*, 262 Ga. 489, 490 (422 SE2d 180) (1992). We look only to the plain language of the order which allows the State two terms beyond the September 1996 term in which to comply with the speedy trial demand.

Although Turner asserts a contrary interpretation, the burden is on him as the party asserting error to show it affirmatively by the record. See generally *Henderson v. State*, 251 Ga. 398, 402 (2) (306 SE2d 645) (1983). Despite the fact that the order denying discharge and acquittal shows that a hearing was held on the motion, defendant elected to omit all transcripts of the proceedings below from the record on appeal. Our ruling, therefore, must turn on the record provided. That record, consisting only of the indictment, the demand for trial, a stipulation of facts (which offers no explanation for the consent order), along with the trial court's orders, is devoid of any evidence which would support defendant's proposed interpretation.

In addition, both the consent order and the order denying discharge and acquittal were entered by the same judge. A court has wide discretion in interpreting its own orders. See generally *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722) (1982) (in the context of a contempt action, the trial court has the power to see that there be compliance with the intent and spirit of its decrees). Since the court's interpretation of its first order is reasonable and does not contravene the apparent intent of that order, we will not find an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1998.
Murder. Catoosa Superior Court. Before Judge Wood.
*Hatcher, Johnson, Meaney & Gothard, James A. Meaney III,* for appellant.

filed a demand for trial and more than two regular terms of court are convened and adjourned after the term in which the demand was filed and the defendant is not given a trial, is to be discharged and acquitted, provided that at both terms there were juries empaneled and qualified to try the defendant and the defendant was present in court announcing ready for trial.

*Herbert E. Franklin, Jr., District Attorney,* for appellee.