S98A1799. LEVESTER v. THE STATE.
(512 SE2d 258)

HINES, Justice.

Antonio Levester, charged with malice murder, appeals the denial of his motion to dismiss for failure of the State to comply with a demand for speedy trial.[1] Finding that Levester did not have an effective demand for speedy trial under OCGA § 17-7-171 (b), we affirm.

A demand for speedy trial in a case involving a capital offense is

---

[1] The motion is essentially one for discharge and acquittal under OCGA § 17-7-171 (b), the denial of which is directly appealable. *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995).

controlled by OCGA § 17-7-171. *Smith v. State*, 261 Ga. 298, 299 (1) (404 SE2d 115) (1991). Subsection (b) of the statute contains three requirements a defendant must meet in order to effect a demand for speedy trial: The demand must actually be filed with the court; there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed; and at sometime during both of the first two regular terms of court following the term the demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment. Id. See also *Turner v. State*, 269 Ga. 392, 393, n. 2 (497 SE2d 560) (1998).

Levester was indicted on January 15, 1997. His attorney filed consolidated motions in the Superior Court of Baldwin County on February 5, 1997, which included a paragraph titled "Demand for Speedy Trial," and citing OCGA § 17-7-170. The paragraph was lined through and initialed by the attorney as withdrawn on January 27, 1997. In a letter dated February 18, 1997, which was mailed to the superior court judge's home street address, Levester's counsel informed the judge that another attorney would conduct Levester's arraignment, asked for 15 days to file additional pretrial motions, and concluded with the statement that "we are requesting a speedy trial pursuant to the laws of Georgia." The letter showed a "cc" to, inter alia, the clerk of court and the assistant district attorney.[2] Levester's attorney also sent letters to the trial court and assistant district attorney dated March 6, 1997 and May 23, 1997 regarding discovery and pretrial motions but with no mention of a demand for speedy trial. In fact, in the May 23 letter counsel stated that he had read the State's proposal regarding a discovery time line and would abide by whatever deadlines the court chose to establish. The State had proposed a time line resulting in Levester's trial on or about October 20, 1997, three terms of court after any mention of a speedy trial demand.[3] Levester's counsel sent another letter on October 7, 1997 stating that he had received the notice of calendar call and motions in Levester's case for October 14, 1997, and that the attorney would be present.

On October 14, 1997, Levester unsuccessfully moved to dismiss the charges against him because of the State's failure to comply with his alleged speedy trial demand. The superior court found that the

[2] The State contends that it never received a copy of the letter and that the clerk of court did not receive a copy until September 10, 1998, over a year and a half later.

[3] The terms of superior court in Baldwin County are the second Mondays in January, April, July, and October. OCGA § 15-6-3 (28) (A). The State maintains that the superior court had criminal trial weeks beginning February 17, 1997, April 21, 1997, June 16, 1997, July 21, 1997, August 25, 1997, and October 20, 1997.

record failed to show that Levester was present in court announcing ready and requesting a trial.

Levester urges that the superior court erred in finding that he failed to comply with the third prong of OCGA § 17-7-171 (b) because his correspondences to the trial judge and assistant district attorney amounted to his *constructively* being in court and announcing ready for trial, sufficient to satisfy the statute. But the argument fails for two reasons. The cited correspondences fall far short of demonstrating a readiness for trial during the court terms at issue. More significantly, OCGA § 17-7-171 (b) does not provide for *constructive* compliance. The statutory requirements are plain and mandate strict adherence, and a defendant may waive the right to a speedy trial by his actions or inaction. *Rice v. State*, 264 Ga. 846, 847 (452 SE2d 492) (1995); *Mize v. State*, 262 Ga. 489, 490 (2) (422 SE2d 180) (1992). Even though a defendant's case does not appear on a trial calendar during the first two regular terms following the term in which his demand for speedy trial was filed, the defendant is nevertheless required, either through his own actions or those of his attorney, to actually be present in court, announcing his readiness to proceed, and requesting trial. *Burns v. State*, 265 Ga. 763 (462 SE2d 622) (1995). Contrary to Levester's contention, this statutory mandate did not abridge his constitutional right to a public and speedy trial. The record contains no suggestion that Levester's counsel was, in any manner, prevented from being present in court, announcing ready, and requesting trial on Levester's behalf.

The superior court was correct in refusing to dismiss the case against Levester by operation of OCGA § 17-7-171 (b).[4]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*Dwight L. Thomas,* for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Dawn M. Baskin, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.

---

[4] The decision renders it unnecessary to address the question of whether Levester's demand for trial was validly filed with the court.