### S11A1449. WALKER v. THE STATE.
(723 SE2d 894)

NAHMIAS, Justice.

Appellant Lillian Walker challenges the trial court's denial of her motion for discharge and acquittal under the speedy trial statute for capital cases, OCGA § 17-7-171. This case requires us to decide whether, following a defendant's demand for speedy trial, OCGA § 17-7-171 (b) requires only two, or more than two, full terms of court to pass without a trial before the defendant is entitled to discharge and acquittal (assuming the other requirements of the statute have been met). Although several prior appellate decisions involving OCGA § 17-7-171 have said in dicta that only two terms must pass, OCGA § 17-7-171 (b) plainly says that "more than two" terms of court must expire, and we must follow the statutory text instead of those inaccurate dicta. Accordingly, we affirm the trial court's ruling that Appellant's motion for discharge and acquittal was premature.

1. The Superior Court of Peach County has three terms of court a year, which begin in March, August, and November. See OCGA § 15-6-3 (23). During the August 2009 term of that court, Appellant was indicted for malice murder, felony murder, armed robbery, and theft by taking a motor vehicle. During the same term, Appellant filed a statutory demand for speedy trial. Because she is charged with three crimes that are "capital offenses" for speedy trial purposes, her demand is governed by OCGA § 17-7-171. See *Turner v. State*, 269 Ga. 392, 393 (497 SE2d 560) (1998) (holding that murder is a "capital offense" for purposes of OCGA § 17-7-171); *White v. State*, 202 Ga. App. 370, 371 (414 SE2d 296) (1991) (holding that armed robbery is a "capital offense" for purposes of OCGA § 17-7-171); *Cleary v. State*, 258 Ga. 203, 205 (366 SE2d 677) (1988) (holding that "where a multi-count indictment includes both capital and noncapital offenses, the time for trial upon a proper demand by a defendant is the time allowed under OCGA § 17-7-171 for the more serious offenses"), disapproved in part on other grounds, *Mize v. State*, 262 Ga. 489, 490, n. 1 (422 SE2d 180) (1992).

In the two terms of court (November 2009 and March 2010) that followed the term in which Appellant filed her speedy trial demand, no trial occurred. The third term (August 2010) also expired without

a trial; however, during that term, the State filed a notice of intent to seek the death penalty. On February 1, 2011, in the fourth term (November 2010) following the one in which Appellant's demand was filed, Appellant filed a motion for discharge and acquittal, contending that, because two terms had expired after the filing of her demand, she was entitled to be automatically discharged and acquitted under OCGA § 17-7-171 (b). The parties stipulated that at all of these terms of court juries were "impaneled and qualified to try the defendant." Id.

The State's filing of a notice of intent to seek the death penalty typically resets the statutory speedy trial clock, which will not start over "until the convening of the first term following the completion of pretrial review proceedings in the Supreme Court under Code Section 17-10-35.1." OCGA § 17-7-171 (c). See *Franks v. State*, 266 Ga. 707, 707 (469 SE2d 651) (1996). However, the filing of a death penalty notice cannot reset a speedy trial deadline that has already expired. See *Labovitz v. Hopkinson*, 271 Ga. 330, 333, and n. 5 (519 SE2d 672) (1999) (noting that under the speedy trial statutes, "[t]he discharge and acquittal occurs by operation of law at the close of the last term at which the defendant could be tried timely"); *Smith v. State*, 192 Ga. App. 604, 604-605 (386 SE2d 370) (1989) (holding that because a defendant's discharge and acquittal occurs by operation of law at the close of the last term at which he could be timely tried, the waiver of his demand at a subsequent term has no effect and does prevent discharge and acquittal when sought).

Applying these principles to this case, if OCGA § 17-7-171 (b) requires the discharge and acquittal of a defendant when *two* terms of court have expired after the filing of a statutory demand for speedy trial in a capital case, Appellant was entitled to be discharged and acquitted by operation of law at the close of the March 2010 term of court, and the State's filing of the death penalty notice in the following August 2010 term had no speedy trial effect. However, if OCGA § 17-7-171 (b) requires that *more than two* terms of court expire before a defendant is entitled to discharge and acquittal, then the State's filing of the death penalty notice during the third term had the effect of resetting the statutory speedy trial clock, and Appellant's motion for discharge and acquittal was premature. The trial court adopted the latter reading of OCGA § 17-7-171 (b) and denied Appellant's motion as premature. We affirm.[1]

2. OCGA § 17-7-171 (a) specifies how and when a defendant

---

[1] The trial court also ruled that Appellant had waived her speedy trial demand by not properly announcing during one of the intervening terms that she was "ready for trial and requesting a trial on the indictment," as required by OCGA § 17-7-171 (b). In light of our holding that her motion was properly denied as premature, we need not decide this issue.

accused of a capital offense may file a statutory demand for a speedy trial.[2] Subsection (b) of the statute then states:

> If more than two regular terms of court are convened and adjourned after the term at which the demand for speedy trial is filed and the defendant is not given a trial, then the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment, provided that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment.

In ordinary English, *"more than two* regular terms of court" means just that — a number of regular court terms greater than two. See OCGA § 1-3-1 (b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art . . . ."). OCGA § 17-7-171 (b) specifies that the counting begins with the terms *"after"* the term in which the speedy trial demand is filed, and it further specifies that ongoing terms are not counted, only terms that have been "convened *and* adjourned." Thus, under the plain language of OCGA § 17-7-171 (b), a defendant accused of a capital offense may be discharged and acquitted only if she is not given a trial after at least three full terms of court have expired since the term in which her demand was filed.

Appellant contends that this reading is undermined by the proviso that follows, requiring that "at both terms" juries be impaneled and qualified to try the defendant. To be sure, the word "both" refers to only two things, and so there is some tension between the "more than two . . . terms" requirement for acquitting a defendant at the start of subsection (b) and the reference to "both terms" later in the same provision. However, this tension cannot be resolved to conclude that only two terms without a trial need to follow the filing of a speedy trial demand for a capital case to be dismissed, for several reasons.

First, it is impossible for "more than two" full terms to expire at or before the end of "both" terms. Reading "more than two" to mean "two" renders the words "more than" surplusage, and we normally avoid construing statutes to leave parts of them meaningless. See *State of Ga. v. C. S. B.*, 250 Ga. 261, 263 (297 SE2d 260) (1982). On the other hand, it is possible for something to happen in

---

[2] The right to a speedy trial under the state and federal constitutions is not at issue in this appeal.

"both terms" within a span of three (or more) terms. Thus, the numerical references in subsection (b) may be reconciled by reading the statute to require that juries be available in at least two ("both") terms during the at least three ("more than two") terms that must expire without a trial before the defendant can be acquitted.

Second, when what is now OCGA § 17-7-171 (b) was first enacted in 1952, see Ga. L. 1952, p. 299, § 2, the clause in which "both terms" appears was taken verbatim from the older speedy trial statute applicable to non-capital cases, see OCGA § 17-7-170, while the passage in which "more than two regular terms" appears is significantly different than the corresponding passage of OCGA § 17-7-170. If required to choose whether the General Assembly meant us to follow the former or the latter, we should give more weight to the language the legislature specifically crafted for the capital case context over the phrase it simply copied from the statute applicable to non-capital cases.

Finally, in light of the "extreme sanction" for violations of the speedy trial statutes — dismissal of the case with prejudice and without a trial — these statutes are interpreted strictly against defendants who seek to invoke them. See, e.g., *State v. Varner*, 277 Ga. 433, 434 (589 SE2d 111) (2003). These are not penal laws, but rather laws that give defendants a benefit — here, the potential dismissal of capital murder charges. See id. at 434, n. 1. Construing OCGA § 17-7-171 (b) strictly against defendants, any inconsistency between "more than two" terms and "both" terms must be resolved to authorize acquittal only when more than two terms have expired without a trial after the term in which the speedy trial demand was filed.

Appellant also cites a number of cases involving OCGA § 17-7-171 from this Court and the Court of Appeals, which contain statements to the effect that only two terms of court must pass between the filing of the speedy trial demand and the dismissal of the charges. See, e.g., all with emphasis added, *Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996) (saying that OCGA § 17-7-171 (b) "provides for discharge and acquittal in capital cases if a defendant is not given a trial *within two* regular terms of court following the filing of a demand for trial," and then ruling against the defendant's claim because he pled guilty before two terms had expired); *Burns v. State*, 265 Ga. 763, 763 (462 SE2d 622) (1995) (holding that the defendant "did not satisfy the statutory requirement that . . . he be 'present in court announcing ready for trial and requesting a trial on the indictment,' " which the court said needed to occur "at some point during the *first two* regular terms of court following the filing of his demand" (quoting OCGA § 17-7-171 (b)); *Bishop v. State*, 209 Ga. App. 390, 391 (433 SE2d 610) (1993) (saying that under OCGA §

17-7-171 (b), the defendant had to be tried before the end of "the *second* regular term of court following the term in which his demand was filed" and then ruling against the defendant because he was tried during the second term); *Harper v. State*, 203 Ga. App. 775, 775 (417 SE2d 435) (1992) (saying that under OCGA § 17-7-171 (b), "the state is required to try the defendant within the *next two* terms after the demand is made" and then ruling against the defendant because only one term had passed since the filing of his demand).

However, these cases either failed to mention or failed to analyze the relevant language of OCGA § 17-7-171 (b). There was no explanation, for example, of how the words *"more than two ... terms,"* OCGA § 17-7-171 (b), could mean *"within two terms." Tutt*, 267 Ga. at 50. In addition, each of the statements in those cases was obiter dicta, and dicta does not bind this Court in a later case where the point is actually presented for decision. See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008). See also *Mize*, 262 Ga. at 490, n. 1 (disapproving this Court's prior dictum about OCGA § 17-7-171 (a)). In none of the prior cases was the number of terms needed to trigger discharge under OCGA § 17-7-171 (b) the issue presented, nor did the inaccurate comments about the number of terms affect the outcome of those cases, all of which resulted in the defendants losing on other grounds.

Furthermore, contrary to those cases, one prior Court of Appeals decision *did* quote and analyze the actual language of OCGA § 17-7-171 (b), and it properly concluded — albeit also in dicta — that "[t]he words 'more than' [two] imply that discharge is not available unless three terms have been convened and adjourned since the term in which the speedy trial demand was filed." *Merrow v. State*, 268 Ga. App. 47, 51, n. 32 (601 SE2d 428) (2004). And one of this Court's cases quoted the relevant language of the statute in concluding that the defendant's speedy trial claim was without merit, although the defendant there also would have lost under Appellant's view. See *Wade v. State*, 258 Ga. 324, 328 (368 SE2d 482) (1988) (holding that, because the defendant was tried "during the second regular term of court following the term in which his demand was filed," he "was given a trial before 'more than two regular terms of court (were) convened and adjourned after the term at which the demand (was) filed' " (quoting OCGA § 17-7-171 (b)).[3]

---

[3] The special concurrence does not dispute that the statements in cases like *Tutt* and *Burns* have been dicta or that there are contrary dicta, and it tellingly makes no effort to show how the dicta that has been repeated more often is based on the actual language of the statute the Court was supposedly "directly ... interpret[ing]." Dicta is binding on neither the bench nor the bar, and the courts cannot require the Legislature to "modify" its statutes to avoid "acquiescing" in judicial commentary. Indeed, how would the General Assembly amend OCGA

Thus, this is not a case involving stare decisis; this is a case in which an issue of statutory construction has been squarely presented to this Court for the first time. "[T]he fundamental rules of statutory construction . . . require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003). It might be reasonable to require trials of capital cases to be held within two terms of court after the term in which a speedy trial demand is made, instead of the one term after the demand allowed in non-capital cases. See OCGA § 17-7-170. But it is not unreasonable — much less unconstitutional — for the General Assembly to allow the State at least three terms after the term in which a speedy trial demand is filed to try a capital case, and that is what the language our legislature enacted plainly does. See *Merrow*, 268 Ga. App. at 49 (explaining that the speedy trial statute for "capital offenses" is not focused on the punishment available for particular crimes but instead reflects the legislature's view that "the State's investigation of and preparation for trying such serious and complex offenses may necessarily be more extensive and lengthy, thus requiring more time"). Any dicta to the contrary in the prior decisions of this Court and the Court of Appeals is hereby disapproved.

Under the correct interpretation of OCGA § 17-7-171 (b), Appellant was not entitled to be discharged and acquitted until the August 2010 term of the Peach County Superior Court had expired — the close of the third term of court after the term in which she filed her demand for a speedy trial. That was when *"more than two regular terms of court [would have] convened and adjourned after the term at which the demand for speedy trial [was] filed."* Id. Because the State filed its notice of intent to seek the death penalty during the August 2010 term, which was before Appellant was entitled to be discharged and acquitted, that notice reset the statutory speedy trial clock, see OCGA § 17-7-171 (c), and the trial court therefore correctly denied her motion as premature.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., and Benham and Melton, JJ., who concur specially.*

MELTON, Justice, concurring specially.

This Court need not, and should not, overrule its prior case law that has directly and repeatedly interpreted OCGA § 17-7-171 (b) to "provide[ ] for discharge and acquittal in capital cases if a defendant

---

§ 17-7-171 (b) to make its meaning clearer – must the statute say "more than two regular terms, and by that we really mean *more than two* regular terms"?

is not given a trial *within two regular terms of court following the filing of a demand for trial,* assuming jury availability and the defendant's readiness." (Emphasis supplied.) *Tutt v. State,* 267 Ga. 49, 50 (472 SE2d 306) (1996); *Burns v. State,* 265 Ga. 763 (462 SE2d 622) (1995) (trial court properly denied motion for discharge where defendant "did not satisfy the statutory requirement that, at some point during the first *two* regular terms of court following the filing of his demand, he be present in court announcing ready for trial and requesting a trial on the indictment") (punctuation and footnote omitted; emphasis supplied). The bench and bar have relied on this interpretation of OCGA § 17-7-171 (b) for nearly two decades, and the Legislature has not modified this Court's interpretation of the statute in any way. *Bailey v. State,* 209 Ga. App. 390 (433 SE2d 610) (1993) (defendant who filed speedy trial demand "had to be tried before the end of . . . the second regular term of court following the term in which his demand was filed"); *Harper v. State,* 203 Ga. App. 775 (417 SE2d 435) (1992) ("Under § 17-7-171, the state is required to try the defendant within the next *two* terms after the demand is made") (emphasis in original). See also *RadioShack Corp. v. Cascade Crossing II, LLC,* 282 Ga. 841, 843 (653 SE2d 680) (2007) ("Where a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction") (citations and punctuation omitted). Accordingly, I do not agree with the majority's conclusion that Walker's motion for discharge and acquittal was premature for having been filed after only two terms of court had been convened and adjourned since the filing of her speedy trial demand. See *Tutt,* supra.[4]

However, I do agree with the majority that the trial court's denial of Walker's motion for discharge and acquittal was ultimately correct. Indeed, even though I do not believe that Walker's motion for discharge and acquittal was premature, the record reveals that Walker waived her right to a speedy trial based on her failure to "present in court announcing ready for trial and requesting a trial on the indictment" during both terms following the filing of her speedy trial demand. OCGA § 17-7-171 (b). The record reveals that, at the calendar call in the November 2009 term of court (the first term after Walker filed her speedy trial demand), the State requested

---

[4] In this regard, it is *Merrow v. State,* 268 Ga. App. 47 (601 SE2d 428) (2004) that should be overruled, and not the prior precedent from this Court interpreting OCGA § 17-7-171 (b). See *Merrow,* supra, 268 Ga. App. at 51 (1), n. 32 (concluding that OCGA § 17-7-171 (b) requires that "three terms [must be] convened and adjourned [after] the term in which the speedy trial demand was filed" before a defendant would be subject to discharge).

a continuance. Walker's attorney responded to the State's request by stating, "we have no objection subject to the fact that we filed a demand for a speedy trial on that case." At this calendar call her attorney made no other statements regarding Walker's readiness for trial and made no demands to proceed to trial that day. At the calendar call in the March 2010 term (the second term after Walker filed her speedy trial demand), Walker's attorney stated, "[W]e would be prepared to go to trial right now," and "I'm present and ready for trial, Your Honor."

Pursuant to

> subsection (b) of [OCGA § 17-7-171, there is] a three-prong procedure which must be complied with by defendants accused of [capital] offenses in order for their demand for speedy trial to be effective. First, the demand must actually be filed with the court. Second, there must be juries impaneled and qualified to try the defendant at both of the first two regular terms of court following the term at which the demand is filed. Third, at sometime during both of the first two regular terms of court following the term at which the demand is filed, the defendant must be present in court announcing ready for trial and requesting a trial on the indictment.

*Smith v. State*, 261 Ga. 298, 299 (1) (404 SE2d 115) (1991). Where, as here, the first two prongs of the procedure have been met, the defendant may still waive his or her right to a speedy trial by failing to strictly comply with the third requirement. See *Levester v. State*, 270 Ga. 485 (512 SE2d 258) (1999). In this connection, with respect to the requirement of appearing in court and announcing ready to be immediately tried on the indictment during *both* of the first two regular terms of court following the term at which the demand is filed, "OCGA § 17-7-171 (b) does not provide for *constructive* compliance. The statutory requirements are plain and mandate strict adherence, and a defendant may waive the right to a speedy trial by his actions or inaction." (Citations omitted; emphasis in original.) Id. at 486. See also *Rice v. State*, 264 Ga. 846, 847 (452 SE2d 492) (1995) ("A failure to comply with the express language of OCGA § 17-7-171 (b) that the defendant be in court 'announcing ready for trial' following the filing of a speedy trial demand operates as a waiver of that demand.") The duty of a defendant to strictly comply with the statutory speedy trial requirements is absolute, as,

> [g]iven the extreme nature of the sanction of absolute discharge and acquittal, it is applied *only* where there has

been strict compliance with OCGA § 17-7-170 or § 17-7-171, whichever is the applicable statute prescribing the means by which a criminal defendant may assert a demand for trial.

(Citations omitted; emphasis supplied.) *State v. Varner*, 277 Ga. 433, 434 (589 SE2d 111) (2003).

Here, when confronted with the State's request for a continuance during the first term of court after she filed her speedy trial demand, Walker and her counsel informed the trial court that *"we have no objection* subject to the fact that we *filed* a demand for a speedy trial on that case." Contrary to making any specific announcement that she was immediately ready to proceed to trial on the indictment on that same day, Walker (1) consented to having the trial continued and (2) merely referenced the fact that she had previously "filed" a demand for speedy trial. There is nothing about either of these statements that constitutes an express announcement of being ready to be immediately tried on the indictment. With respect to Walker's first statement in which she consented to a continuance, at best, this statement says nothing about her own readiness to proceed to trial, and, at worst, the statement sends a message to the State and to the trial court that she is *not* ready to immediately proceed to trial. With respect to her second statement referencing the "filing" of a speedy trial demand, this statement only reminds the State and the trial court that Walker complied with *step one* of her duties under OCGA § 17-7-171 (b). See *Smith*, supra, 261 Ga. at 299 (1) (Under three-pronged procedure of OCGA § 17-7-171 (b), "[f]irst, the [speedy trial] demand must actually be filed with the court"). It does not act as a substitute for her separate and distinct duty to announce that she is presently ready for trial on the day that the case is called and that she is requesting an immediate trial on the indictment. Id. (announcement of ready for trial is third step of three-pronged procedure). See also *Levester*, supra; OCGA § 17-7-171 (b) (during both terms of court following filing of speedy trial demand, defendant must be in court "announcing ready for trial and requesting a trial on the indictment"). In this regard, by merely mentioning her previously filed speedy trial demand, Walker did not "strictly comply" with the requirement of making a separate announcement in open court of being *presently* ready for trial. At most, Walker's reference to her compliance with the first of her duties under OCGA § 17-7-171 (b) (i.e., the *filing* of a speedy trial demand) could only constitute constructive compliance with her separate and distinct duty to make a new announcement in court that she is ready to immediately proceed to trial on the indictment. Because such constructive compliance with OCGA § 17-7-171 (b) is insufficient as

a matter of law to allow for Walker's speedy trial demand to remain viable, the trial court correctly concluded that Walker waived her demand for a speedy trial.[5] See *Smith*, supra.

I am authorized to state that Chief Justice Hunstein and Justice Benham join in this special concurrence.

DECIDED MARCH 19, 2012.

*Harold B. Baker, Gerald P. Word*, for appellant.
*Gregory W. Winters, District Attorney, John A. Regan, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[5] In light of this conclusion, the Court still would not have to address Walker's claim of ineffective assistance of counsel, as such a claim would still be premature at this point in the proceedings. See *Brooks v. State*, 232 Ga. App. 115, 117 (10) (501 SE2d 286) (1998) ("[A]n ineffective assistance of counsel claim is properly brought after a trial has been concluded and a verdict has been issued. As a practical matter, it is impossible to determine, prior to the result of the representation, whether such representation was ineffective").