S12A2085. THE STATE v. JOHNSON.

(738 SE2d 86)

NAHMIAS, Justice.

On October 1, 2010, when appellee Joshua Johnson was 15 years old, he was arrested for the alleged murder of his grandmother. Johnson was held in a youth detention center until October 11, when

he was released on $50,000 bond, with conditions that included home confinement (at his cousin's house) and electronic monitoring under OCGA § 17-6-1.1. More than seven months later, on May 26, 2011, Johnson was indicted for murder in the Superior Court of Whitfield County.

In November 2011, Johnson filed a motion asking the superior court to transfer his case to the juvenile court pursuant to OCGA § 17-7-50.1, which says in relevant part:

> (a) Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-28 or 15-11-30.2, who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury. . . .
>
> (b) If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in Chapter 11 of Title 15.
>
> . . .

Johnson claimed that both his time in the youth detention center and on bond under the home confinement and electronic monitoring program constituted "detention" within the meaning of OCGA § 17-7-50.1 (a). And because he was not indicted within 180 days of being so detained, Johnson argued, he was entitled to have his indictment dismissed and his case transferred to the juvenile court under OCGA § 17-7-50.1 (b). On June 28, 2012, the trial court issued an order denying Johnson's motion to dismiss the indictment but granting his motion to transfer the case to the juvenile court, ruling that the home confinement and electronic-monitoring program qualified as detention under OCGA § 17-7-50.1 (a).

The State then filed this direct appeal. At the Court's request, the parties briefed the question of whether the State was authorized to appeal the trial court's transfer order. We now hold that the State cannot appeal a transfer order entered under OCGA § 17-7-50.1 (b), and we therefore must dismiss this appeal.[1]

"The State does not have the right to appeal decisions in criminal cases unless there is a specific statutory provision granting the right." *State v. Caffee*, 291 Ga. 31, 33 (728 SE2d 121) (2012). The types of trial

---

[1] By contrast, a juvenile defendant may appeal an OCGA § 17-7-50.1 (b) order under some circumstances. See, e.g., *In the Interest of C. B.*, 313 Ga. App. 778, 779 & n. 2 (723 SE2d 21) (2012).

court rulings that the State may appeal are listed in OCGA § 5-7-1 (a). When the General Assembly enacted OCGA § 17-7-50.1 in 2006, see Ga. Laws 2006, p. 172, § 2, it did not amend or reference OCGA § 5-7-1 to specifically authorize the State to appeal transfer orders entered pursuant to OCGA § 17-7-50.1 (b). The State contends, however, that an order transferring a case from superior court to juvenile court under OCGA § 17-7-50.1 (b) amounts to "an order . . . setting aside or dismissing an[ ] indictment," which the State may appeal under OCGA § 5-7-1 (a) (1). We disagree.

To begin with, OCGA § 17-7-50.1 (b) does not speak of "setting aside," "dismissing," or taking any other action regarding an indictment returned against a juvenile. Instead, the provision directs that the juvenile's entire "case" be "transferred" to juvenile court if the 180-day charging deadline is not met. Thus, the trial court here, in accordance with the statutory text, transferred Johnson's case to the juvenile court but declined to dismiss the indictment.

Even more telling is the statutory scheme. In 1994, the General Assembly gave the superior courts original jurisdiction, exclusive of the juvenile courts, over seven serious felonies committed by juveniles ages 13 to 17. See Ga. Laws 1994, pp. 1012, 1034; then OCGA § 15-11-5 (b) (2) (A); now OCGA § 15-11-28 (b) (2) (A). However, if such an offense was not punishable by the death penalty or life imprisonment, the superior court was given discretion to transfer the case to the juvenile court after indictment and "after investigation and for extraordinary cause." Ga. Laws 1994 at p. 1034; then OCGA § 15-11-5 (b) (2) (B); now OCGA § 15-11-28 (b) (2) (B).[2]

In the same 1994 act, and in distinct contrast to the 2006 act creating OCGA § 17-7-50.1, the General Assembly amended OCGA § 5-7-1 to authorize the State to appeal this type of transfer order. See Ga. Laws 1994 at p. 1049; then OCGA § 5-7-1 (a) (5); now OCGA § 5-7-1 (a) (6) (authorizing an appeal by the State "[f]rom an order, decision, or judgment of a superior court transferring a case to the juvenile court pursuant to subparagraph (b) (2) (B) of Code Section 15-11-28"). To emphasize the point, the General Assembly also included a reference to OCGA § 5-7-1 in the transfer statute. See Ga. Laws 1994 at p. 1034; then OCGA § 15-11-5 (b) (2) (B); now OCGA § 15-11-28 (b) (2) (B) (stating that a transfer order under § 15-11-28 (b) (2) (B) "shall be appealable by the State of Georgia pursuant to Code Section 5-7-1"). Moreover, when former OCGA § 15-11-5 (b) (2) (B) was renumbered as OCGA § 15-11-28 (b) (2) (B) in 2000, the General Assembly amended

---

[2] Because Johnson was charged with murder, which carries a life sentence, see OCGA § 16-5-1 (d), his case was not eligible for transfer under OCGA § 15-11-28 (b) (2) (B).

what was then OCGA § 5-7-1 (a) (5) to make sure that the State appeals provision referenced the correct transfer order provision. See Ga. Laws 2000, pp. 20, 42, 115.

" 'The General Assembly is presumed to enact all statutes with full knowledge of the existing condition of the law and with reference to it.' " *Fair v. State*, 288 Ga. 244, 256 (702 SE2d 420) (2010) (citation omitted). Thus, we presume that the General Assembly amended (and re-amended) OCGA § 5-7-1 to authorize the State to appeal transfer orders under what is now OCGA § 15-11-28 (b) (2) (B) with the understanding that OCGA § 5-7-1 (a) (1) already authorized the State to appeal any order dismissing or setting aside an indictment — something the State has been able to do since the original version of OCGA § 5-7-1 was enacted in 1973. See Ga. Laws 1973, pp. 297, 298. By adding what is now OCGA § 5-7-1 (a) (6) to the State appeals statute, the General Assembly is also presumed to have effected a change in the existing law. See *Nuci Phillips Mem. Foundation v. Athens-Clarke County Bd. of Tax Assessors*, 288 Ga. 380, 383 (703 SE2d 648) (2010). Accordingly, it is clear that the General Assembly, by adding the provision to OCGA § 5-7-1 specifically authorizing the State to appeal from a superior court order transferring a case to juvenile court under OCGA § 15-11-28 (b) (2) (B), did not mean such a transfer order to be equivalent to an order dismissing or setting aside an indictment under OCGA § 5-7-1 (a) (1) but instead meant to extend the State's appeal rights to such transfer orders.

Whether entered under OCGA § 15-11-28 (b) (2) (B) or OCGA § 17-7-50.1 (b), a transfer order has the same effect: it transfers the juvenile's entire case from the superior court to the juvenile court. There is no reason to believe that a transfer order entered under OCGA § 15-11-28 (b) (2) (B) is not an order dismissing an indictment but a transfer order entered under OCGA § 17-7-50.1 (b) is. If we were to construe OCGA § 5-7-1 (a) (1)'s "setting aside or dismissing [an] indictment" language to include orders transferring cases to the juvenile court, OCGA § 5-7-1 (a) (6) would be surplusage, and "we normally avoid construing statutes to leave parts of them meaningless." *Walker v. State*, 290 Ga. 696, 698 (723 SE2d 894) (2012).

OCGA §§ 15-11-28 (b) (2) (B) and 5-7-1 (a) (6) demonstrate the General Assembly knows how to make transfer orders appealable by the State, yet despite referencing OCGA § 15-11-28 in OCGA § 17-7-50.1 (a), the legislature did not similarly authorize the State to appeal transfer orders entered under OCGA § 17-7-50.1 (b). The General Assembly may, if it wishes, amend OCGA § 5-7-1 to authorize the State to appeal such transfer orders in the future. See, e.g., OCGA § 5-7-1 (a) (8) (added to OCGA § 5-7-1 in 2005 to authorize the State to appeal an order denying the State's motion to recuse a trial

judge, overruling cases holding to the contrary, see, e.g., *Ritter v. State*, 269 Ga. 884 (506 SE2d 857) (1998)). But the State may not appeal under the existing law.

Having determined that the State was not authorized to bring this appeal, we lack jurisdiction to consider its merits and therefore express no opinion as to the trial court's transfer order.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 4, 2013.

*Herbert M. Poston, Jr., District Attorney, Susan L. Franklin, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*L. David Wolfe, Keith N. Evra*, for appellee.