# Court of Appeals
# of the State of Georgia

ATLANTA,  June 06, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0489.  THE STATE v. WHITMAN.

In the above-styled appeal, the State challenges the trial court's grant of Marty D. Whitman's motion to suppress evidence of his refusal to engage in pre-arrest field sobriety tests. On appeal, the State argues the trial court erred by suppressing Whitman's refusal to undergo such testing when, *inter alia*, the court improperly applied Georgia case law, and because field sobriety tests do not violate the right against self-incrimination under either the federal or state constitutions. But we lack jurisdiction to consider the state constitutional question presented in this appeal.

Indeed, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[1] Additionally, our Supreme Court has

> interpreted this jurisdictional provision to extend only to constitutional
> issues . . . that do not involve the application of unquestioned and
> unambiguous constitutional provisions or challenges to laws previously
> held to be constitutional against the same attack.[2]

---

[1] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

[2] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted); *see City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (4) (130 SE2d 490) (1963) (explaining that the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the

Put another way, our Supreme Court has held that

> [t]he Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[3]

Here, the Supreme Court of Georgia has not ruled on the precise constitutional question presented as applied to the facts of this case, *i.e.*, whether the refusal to engage in *pre-arrest* field sobriety tests may be used against a defendant at trial without violating Paragraph XVI of the Georgia Constitution, which provides that "[n]o person shall be compelled to give testimony tending in any manner to be self-incriminating."[4]

In *Keenan v. State*,[5] the Supreme Court of Georgia quoted this Court's opinion in *Lankford v. State*[6] to conclude that a defendant's pre-arrest refusal to undergo an alco-sensor test was not a "violation of appellant's right not to incriminate himself under the [F]ifth amendment, the Georgia Constitution, or OCGA § 24-9-20, because he was not in custody at the time the field sobriety test was requested."[7] But *Keenan* otherwise made no analysis of the Georgia Constitution, never mentioning Paragraph

---

trial judge").

[3] *Davis*, 303 Ga. at 687-88 (1) (punctuation omitted).

[4] GA. CONST. art. I, § 1, ¶ XVI.

[5] 263 Ga. 569 (436 SE2d 475) (1993).

[6] 204 Ga. App. 405 (419 SE2d 498) (1992).

[7] *Keenan*, 263 Ga. at 571 (2) (punctuation omitted) (quoting *Lankford*, 204 Ga. App. at 406 (2)).

XVI, and instead focused the entirety of its analysis on the federal constitution and OCGA § 24-9-20. In short, it does not appear that the Georgia Constitution was at issue in *Keenan*, making this brief mention of it non-binding dicta.[8] And therefore the Supreme Court has neither considered nor explicitly ruled on whether Paragraph XVI of the Georgia Constitution bars use as evidence at trial of a defendant's pre-arrest refusal to undergo an alco-sensor breath test or, by extension, other types of field sobriety tests (*e.g.*, the horizontal gaze nystagmus, the walk and turn), which are at issue in this appeal.[9]

The Supreme Court has recently issued opinions regarding *post-arrest* refusal to engage in compelled acts that are intended to gauge a defendant's level of intoxication.[10] But again, with no clear holding on the issue in *Keenan*, the Supreme

---

[8] *See Alexander v. State*, __ Ga. __, __ (3) (870 SE2d 729) (2022) ("[D]icta is not binding on anyone for any purpose." (punctuation omitted)); *Walker v. State*, 290 Ga. 696, 700 (2) n.3 (723 SE2d 894) (2012) ("Dicta is binding on neither the bench nor the bar[.]"); *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (explaining that dicta is "a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand," and that courts "are not bound to follow . . . dicta in a prior case [when] the point now at issue was not fully debated" (citation & punctuation omitted)).

[9] *But see Aldrich v. State*, 220 Ga. 132, 133 (137 SE2d 463) (1964) (holding Georgia law that required truck driver to drive truck onto scales to assess whether truck and cargo exceeded the weight and measurements provided by another Georgia law "would be compelling him to produce evidence tending to incriminate him" in violation of Paragraph XVI of the Georgia Constitution).

[10] *See Awad v. State*, 313 Ga. 99, 99 (868 SE2d 219) (2022) ("Under the reasoning of *Olevik* and *Elliott*, we hold that the right against compelled self-incrimination protected by Paragraph XVI prohibits the State from admitting into evidence a defendant's refusal to urinate into a collection container as directed by the State for purposes of providing a urine sample for chemical testing."); *Elliott v. State*, 305 Ga. 179, 223 (IV) (E) (824 SE2d 265) (2019) ("[W]e conclude that Paragraph XVI precludes admission of evidence that a suspect refused to consent to a [post-arrest] breath test."); *Olevik v. State*, 302 Ga. 228, 252 (3) (b) (806 SE2d 505) (2017) ("Paragraph XVI protects against compelled breath tests and affords individuals a

Court still has not considered whether *pre-arrest* field sobriety tests are compelled acts such that the refusal to engage in them may not be used against a defendant at trial.[11] And indeed, the Supreme Court recently granted an application for interlocutory appeal to answer this very question.[12]

Because the Supreme Court has not explicitly addressed the particular constitutional question presented in this appeal, we cannot say that the issue is unquestioned and unambiguous, and under such circumstances, we lack jurisdiction to consider it. Thus, we hereby transfer this appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/06/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

constitutional right to refuse testing.").

[11] *But see State v. Bradberry*, 357 Ga. App. 60 (849 SE2d 790) (2020) ("We recognize that the issue before us involves an alco-sensor preliminary breath test, rather than the type of breathalyzer breath tests involved in *Elliott* and *Olevik*. Nevertheless, we do not find that distinction to be controlling since the evidence plainly shows that [the defendant] would have been required to perform the affirmative act of blowing into the alco-sensor device for a sustained period of time. Because [the defendant] had the right to refuse to provide incriminating evidence by performing such an affirmative act under Paragraph XVI, the admission of evidence of his refusal violates the state constitutional right against self-incrimination.").

[12] *See Ammons v. State*, Case No. S22I0281, Order (Dec. 9, 2021) (granting application for interlocutory appeal).